THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CECIL L. MORTON, Defendant-Appellant.

Third District    No. 81-385

Opinion filed December 30, 1981.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

A Peoria County jury found defendant, Cecil Morton, guilty of burglary and arson. After a sentencing hearing, defendant was sentenced to the penitentiary for two concurrent six-year terms. A more complete recitation of the events leading up to those convictions appears in our previous opinion. *People v. Morton* (1981), 95 Ill. App. 3d 280.

Review is sought a second time. Previously, we affirmed defendant's burglary conviction but reversed his arson conviction for lack of evidence. Furthermore, since, the trial judge considered that defendant received compensation for the crime from the proceeds of the burglary (*People v. Conover* (1981), 84 Ill. 2d 400, 402-05), we vacated the sentencing order. The cause was remanded for a new sentencing hearing on the burglary conviction.

The sentencing hearing commenced a second time. The trial judge did not order a new presentence report. After evidence was submitted in aggravation and mitigation, a sentence of six years' imprisonment for the burglary conviction was imposed.

On appeal, Morton contends the trial judge erred in not ordering a new presentence report at the second hearing. He also argues that his six-year prison term is excessive. We affirm.

■■ The preparation of a second presentence report is not mandated by law, although it would be discretionary with the sentencing judge to order a supplemental report if he felt it would be beneficial. In the case at bar, a presentence report was presented to the judge at the time defendant was originally sentenced. The second hearing occurred only 11 months after the first one. The same judge presided at both hearings. At the resentencing hearing, both sides had the opportunity, and did in fact, present evidence to fully supplement the original report.

Contrary to defendant's argument, his six-year prison sentence was not excessive. In mitigation, the trial judge considered the extensive testimony of defendant's conduct since incarceration. He weighed this information against the defendant's previous criminal convictions in fashioning a just punishment. On the basis of the instant burglary conviction alone, defendant was not only eligible for a determinate term of three to seven years' imprisonment (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(5)), but, due to his prior burglary conviction, faced a possible extended term of seven to 14 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)(4)).

■■ ■ When a trial court's sentencing order is vacated on appeal and remanded for a new sentencing hearing, such action should not be construed as mandate to a trial judge that upon resentencing a lesser sentence should be imposed. Rather, the judge should simply consider the matter anew without relying on any factors which were pointed out to be improper. In the case at bar, sufficient reasons exist for imposing a six-year sentence.

■■ It has been held consistently by the Illinois Supreme Court that it is not the function of an appellate tribunal to serve as a sentencing court. Sentencing is a trial court function. Merely because we might have balanced the appropriate factors differently, thereby reaching a different result, is no reason to substitute our judgment for that of the trial court. *People v. Cox* (1980), 82 Ill. 2d 268, 280; *People v. Bolyard* (1975), 61 Ill. 2d 583, 589.

For the reasons stated, we affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.