THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDDIE GILLER, Defendant-Appellant.

Fifth District    No. 5—86—0410

Opinion filed October 9, 1987.

Daniel M. Kirwan and Debra A. Seaton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Wendy B. Porter, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant was charged with three counts of aggravated criminal sexual assault, a Class X felony, under section 12—14(b)(1) of the Illinois Criminal Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)). The evidence at his trial established that on three separate occasions during the summer of 1985, defendant caused a seven-year-old boy to perform fellatio upon him. Based on this evidence, the jury found defendant guilty on all three counts. The trial court sentenced defendant to an extended term of 60 years' imprisonment, and defendant now appeals. Only one issue is presented for our consideration: whether imposition of the extended term was proper.

The Illinois Criminal Code provides that an extended-term sentence may be imposed for a felony conviction where, as here, the defendant was at least 17 years old and his victim was under the age of 12 when the offense was committed. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(3)(i).) The record makes clear that this provision was the exclusive basis for the trial court's decision to sentence defendant to an extended term in the case before us.

The defendant points out, however, that the same factor which subjected him to an extended-term sentence under this provision, *i.e.*, his victim's age, was also a necessary element of aggravated criminal sexual assault, the crime for which he was convicted, as defined by section 12—14(b)(1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)). That statute states that criminal sexual assault may be enhanced to an aggravated offense when, at the time the crime took place, the defendant was 17 years of age or older and the victim was under 13 years of age. Accordingly, defendant argues that the imposition of an extended term upon him violated the principle that a trial court may not rely upon a factor inherent in an offense as an aggravating factor at sentencing because such reliance results in a "double enhancement" of the allowable punishment for that offense.

■ The State contends that defendant has waived this argument because he failed to raise it at the sentencing hearing and did not file a timely motion for modification of his sentence. While the State is correct in its claim that this argument has not been properly preserved, we nevertheless elect to consider it on the grounds that it involves "plain error" affecting substantial rights of the defendant. *People v. Campos* (1987), 155 Ill. App. 3d 348, 361, 507 N.E.2d 1342, 1350.

■ The precise argument raised by defendant was recently considered by a panel of the Appellate Court for the Second District in *People v. Campos* (1987), 155 Ill. App. 3d 348, 507 N.E.2d 1342, a case involving nearly identical facts. After careful analysis of the precedent, including this court's prior decision in *People v. Williams* (1986), 142 Ill. App. 3d 266, 491 N.E.2d 94, the court in *Campos* found the argument to be meritorious. It therefore vacated defendant's extended-term sentence and remanded the cause for resentencing. Defendant's argument was also accepted in *People v. Fletcher* (1987), 156 Ill. App. 3d 405, 414-15, 509 N.E.2d 625, 631, a First District opinion decided after *Campos*. We find the analysis of the *Campos* court to be persuasive and see no reason to repeat it here. Based upon that decision we therefore likewise hold that defendant's extended-term sentence in the matter before us should be vacated and the cause remanded for resentencing.

We are aware that a panel of the Appellate Court for the Third District reached a contrary result in *People v. Phillips* (1987), 159 Ill. App. 3d 483. The *Phillips* court made no attempt to distinguish *Campos*. Indeed, it failed even to mention that case. In any event, to the extent that our decision today is inconsistent with *Phillips*, we respectfully decline to follow it.

For the foregoing reasons, the extended-term sentence imposed on defendant is hereby vacated, and this cause is remanded to the trial court for resentencing.

Sentence vacated; cause remanded.

KARNS, P.J., and LEWIS, J., concur.