THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDDIE GILLER, Defendant-Appellant.

Fifth District    No. 5—88—0312

Opinion filed November 2, 1989.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Kathryn Dobrinic, State's Attorney, of Hillsboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

This cause comes before us on appeal for the second time following a judgment entered on a jury verdict in the circuit court of Montgomery County finding defendant Eddie Giller guilty on three counts of aggravated criminal sexual assault. Both appeals have presented questions concerning sentencing.

In the first appeal, *People v. Giller* (1987), 162 Ill. App. 3d 209, 514 N.E.2d 1206, we vacated the trial court's imposition of an extended-term sentence. We ruled that an extended-term sentence violated the principle that a trial court may not rely upon a factor inherent in an offense as an aggravating factor at sentencing because such reliance results in a double enhancement of the allowable punishment for the underlying crime.

On remand to the trial court for a new sentencing hearing, the court found that the three counts of aggravated criminal sexual assault were not part of the same course of conduct. Additionally, the court noted that the defendant was out on parole at the time the offenses were committed. The court sentenced defendant to 30 years of imprisonment for each count. Counts I and III were ordered to be served concurrently, and count II was ordered to be served consecutively. In the present appeal, defendant argues that because the trial court did not order consecutive sentences at defendant's first sentencing, the imposition of consecutive sentences at the second sentencing was improper.

Section 5—5—4 of the Unified Code of Corrections provides that once a sentence has been set aside on review or collateral attack, "the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more se-

vere than the prior sentence." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—4.) On remand for a new sentence, the trial court should not construe the order vacating its original sentence as a mandate from the appellate court instructing that on resentencing a lesser sentence should be imposed; rather, the trial court should simply consider that matter anew without relying on any factors which were considered improper by the reviewing court. *People v. Morton* (1981), 102 Ill. App. 3d 280, 282, 430 N.E.2d 383, 384.

■ In the case now before us, defendant's sentence on remand was no more severe than his original sentence. His original sentence was for an extended term of 60 years' imprisonment, and his resentence totaled 60 years' imprisonment. The imposition of consecutive terms of 30 years' imprisonment was consistent with section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4) and could have been imposed in the original sentencing. Therefore we are unable to find any impropriety in defendant's sentence on remand.

The cases cited by defendant are inapposite to the instant appeal because they involve situations in which the sentence imposed on remand was either a more severe sentence for the same conduct, or a sentence of the same severity for an offense which was reduced on remand. For instance, in *People v. Cunitz* (1978), 59 Ill. App. 3d 701, 375 N.E.2d 1020, the defendant was originally sentenced to consecutive terms of 40 months to 10 years' imprisonment for convictions of felony theft and felony escape. The reviewing court found that the facts were only sufficient to support misdemeanor theft, not felony theft, along with the felony escape. On remand, the misdemeanor theft was given a 364-day prison term, but the felony escape count was increased significantly to a term of 5 to 20 years' imprisonment. This resulted in a doubling of the maximum possible term from 10 to 20 years' imprisonment, in contravention of the dictates of section 5—5—4. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—4.) No such increase is present in the instant case.

For these reasons, we affirm the order of the circuit court of Montgomery County.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.