THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RON-NIE L. TODD, Defendant-Appellant.

Fourth District    No. 4—93—0929

Argued March 8, 1994.—Opinion filed June 27, 1994.

LUND, J., dissenting.

Daniel D. Yuhas and Gloria Ann Morris (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman (argued), and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

After a jury trial, defendant Ronnie Todd was convicted of three counts of criminal sexual assault (720 ILCS 5/12—13(a)(3) (West 1992)), a Class 1 felony (720 ILCS 5/12—13(b) (West 1992)). On May 1, 1992, he was sentenced to what were thought to be mandatory consecutive sentences of four years on each count pursuant to section 5—8—4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(a) (West 1992)). Defendant's sentence was later reversed by the supreme court. On remand, the trial court sentenced defendant to concurrent 12-year sentences on his three convictions. Defendant appeals, contending the court's sentencing on remand was error because it constituted an impermissible increase in his sentence. We affirm.

This court originally affirmed defendant's conviction and sentence in *People v. Todd* (1993), 241 Ill. App. 3d 542, 608 N.E.2d 933, but the supreme court vacated that ruling (*People v. Todd* (1993), 151 Ill. 2d 575, 613 N.E.2d 746) in light of its decision in *People v. Bole* (1993), 155 Ill. 2d 188, 613 N.E.2d 740. In *Bole*, the supreme court rejected this court's interpretation of section 5—8—4(a) of the Code (730 ILCS 5/5—8—4(a) (West 1992)). (*Bole*, 155 Ill. 2d at 197, 613 N.E.2d at 744.) That section provides:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless *** the defendant was convicted of a violation of Section 12—13 or 12—14 of the Criminal Code of 1961, in which

event the court shall enter sentences to run consecutively." (730 ILCS 5/5—8—4(a) (West 1992).)

In *People v. Ewald,* we held that because section 5—8—4(a) expressly required consecutive sentences for offenses committed as part of a single course of conduct, the section implicitly required consecutive sentences in the more severe instance of separate offenses. (*People v. Ewald* (1991), 210 Ill. App. 3d 7, 10, 568 N.E.2d 451, 453.) The supreme court disagreed, stating, "the statute plainly requires the imposition of consecutive sentences only when the subject offenses are committed in a single course of conduct, and we find no warrant here for disregarding this clear expression of legislative intent." *Bole,* 155 Ill. 2d at 198, 613 N.E.2d at 745.

Here, evidence was presented at trial that defendant's conduct occurred on several separate occasions over a period of approximately 13 months. Although the trial court expressed difficulty with the legislature's "scheme of sentencing in these types of cases," it nevertheless sentenced defendant to consecutive sentences based on our statement in *Ewald* that section 5—8—4(a) of the Code required them.

On remand from the supreme court, the trial court indicated it had found at the initial sentencing hearing that imposition of a 12-year sentence was appropriate. Therefore, the court had sentenced defendant to three four-year terms of imprisonment and ordered those terms served consecutively. The court continued:

"Nothing has been suggested to me here today sufficient to change my mind that that's an appropriate sentence, but, of course, the sentences must run concurrently. So, believing that and believing that any sentence less than 12 years would deprecate the seriousness of the defendant's conduct, the defendant is sentenced *** on each judgment to the Illinois Department of Corrections for a term of 12 years, those sentences to run concurrently with each other."

The trial court then ordered that defendant be given credit for all time served.

Defendant asserts the second sentence imposed by the trial court violated his due process rights under the fourteenth amendment to the United States Constitution. In support of his position, defendant cites *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. (*Pearce,* 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.) *Pearce* held that a judge who imposes a more severe sentence upon a defendant after a new trial must

affirmatively demonstrate the reasons for doing so, and those reasons must be based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce*, 395 U.S. at 726, 23 L. Ed. 2d at 670, 89 S. Ct. at 2081.

Defendant points out the *Pearce* mandate has been enacted into statutory law. Section 5—5—4 of the Code provides that once a sentence has been set aside on review or collateral attack, the court shall not impose a new sentence for the same offense which is more severe than the prior sentence "unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." (730 ILCS 5/5—5—4 (West 1992).) On remand for a new sentence, however, the trial court should not construe the order vacating its original sentence as a mandate from the appellate court that a lesser sentence should be imposed; rather, "the trial court should simply consider that matter anew without relying on any factors which were considered improper by the reviewing court." *People v. Giller* (1989), 191 Ill. App. 3d 710, 712, 548 N.E.2d 341, 342, citing *People v. Morton* (1981), 102 Ill. App. 3d 280, 282, 430 N.E.2d 383, 384.

Here, defendant's sentence on remand was no more severe than his original sentence. His original sentence was three consecutive four-year sentences, totaling 12 years' imprisonment, and his resentence totaled 12 years' imprisonment. The imposition of concurrent terms of 12 years' imprisonment was consistent with section 5—8—4 of the Code (730 ILCS 5/5—8—4 (West 1992)) and could have been imposed at the original sentencing if the trial court had had the benefit of *Bole*'s interpretation of that section. (See 730 ILCS 5/5—8—1(a)(4) (West 1992) (for Class 1 felony, sentence shall be not less than four years and not more than 15 years); *Giller*, 191 Ill. App. 3d at 712, 548 N.E.2d at 342.) In compliance with *Giller* and *Morton*, the trial court on remand considered defendant's sentence anew. *Bole* prevented the trial court from imposing consecutive sentences without a finding that such sentences were necessary to protect the public under section 5—8—4(b) of the Code (730 ILCS 5/5—8—4(b) (West 1992)) (*Bole*, 155 Ill. 2d at 198, 613 N.E.2d at 745; see *People v. Bole* (1991), 223 Ill. App. 3d 247, 260, 585 N.E.2d 135, 145), and the court declined to so find. Instead, the trial court determined a sentence of 12 years was appropriate and ordered the 12-year sentences for each conviction to be served concurrently. We cannot say this determination was an abuse of the trial court's discretion. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

For the foregoing reasons, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

McCULLOUGH, P.J., concurs.

JUSTICE LUND, dissenting:
I reluctantly dissent. The majority opinion reaches a common-sense result. The trial court wanted defendant to have a 12-year sentence. That judge is no fool—he did not want defendant to have a four-year sentence and be released in two years. He followed our (erroneous) interpretation of section 5—8—4(a) of the Code. A sentence on each offense of 12 years under our previous ruling would have resulted in a 36-year term.

The defendant was originally sentenced on each of three different counts. These three offenses each occurred on separate occasions. The sentence for each offense was four years.

Section 5—5—4 prohibits increasing a sentence, after review, "for the same offense." (730 ILCS 5/5—5—4 (West 1992).) How can we allow a 12-year sentence for any one of the three original offenses? Did not this defendant benefit from our earlier "mistaken" interpretation of section 5—8—4(a)?