(No. 77815.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JEFFREY A. KILPATRICK, Appellant.

*Opinion filed October 26, 1995.*

BILANDIC, C.J., and HEIPLE, J., dissenting.

Robert Agostinelli, Deputy Defender, and Peter A. Carusona, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

James E. Ryan, Attorney General, of Springfield, and Raymond Kimbell III, State's Attorney, of Galesburg (Norbert J. Goetten, John X. Breslin and Robert M. Hansen, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Section 5—8—1(c) of the Unified Code of Corrections prohibits a trial court from increasing a sentence after it has been imposed (730 ILCS 5/5—8—1(c) (West 1992)). The question in this appeal is whether the trial court violated section 5—8—1(c) when the court vacated the defendant's consecutive sentences of nine and six years' imprisonment and instead imposed a "single sentence" of 15 years' incarceration.

I

Defendant, Jeffrey A. Kilpatrick, was charged with multiple offenses relating to a November 1992 incident at the home of his former girlfriend, Barbara Fox. In a February 1993 court proceeding relating to the incident, the defendant pled guilty to charges of home invasion

and attempted murder. In exchange for his guilty plea, the remaining charges against the defendant were dismissed. The counts to which defendant pled guilty alleged that defendant had unlawfully entered his former girlfriend's residence by discharging a shotgun into the front door and that upon gaining access to the dwelling he fired the weapon into a closet with the intent to kill a third party, Scott Wilson, who was present in the home.

At the subsequent sentencing hearing wherein the State and the defendant presented evidence and argument, the circuit court of Knox County sentenced defendant to six years' imprisonment for the home invasion conviction and a nine-year term of incarceration for the attempted murder conviction. The circuit court specified that the two sentences were to be served consecutively. However, the court did not state whether it believed consecutive sentences were appropriate because the defendant had inflicted great bodily harm (730 ILCS 5/5—8—4(a) (West 1992)) or because the sentences were necessary to protect the public (730 ILCS 5/5—8—4(b) (West 1992)). The State's offer of proof at the defendant's guilty plea hearing indicated that no one was injured by defendant's actions during the incident.

The defendant timely filed a motion to reconsider his sentences, arguing that the facts of his case did not warrant or permit imposition of consecutive sentences. After briefing and argument, the circuit court granted the motion to reconsider, vacated defendant's consecutive sentences, and imposed a "single sentence of 15 years on the plea of guilty to the two counts." The circuit court disregarded the defendant's objection to the new sentence, which defendant claimed was an impermissible increase in contravention of section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)).

The appellate court affirmed the trial court's judgment (No. 3—93—0347 (unpublished order under Supreme Court Rule 23)), and we allowed defendant's petition for leave to appeal (145 Ill. 2d R. 315(a)).

II

The instant appeal involves an interpretation of section 5—8—1(c) of the Code of Corrections. This section states in pertinent part, "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. *However, the court may not increase a sentence once it is imposed.*" (Emphasis added.) (730 ILCS 5/5—8—1(c) (West 1992).) The question presented is whether section 5—8—1(c) barred the trial court from imposing a sentence of 15 years' imprisonment once the court had vacated the defendant's consecutive sentences of nine and six years' imprisonment.

The defendant contends that section 5—8—1(c), when given its plain and ordinary meaning, forbids a modification in sentencing such as that imposed by the trial court in the instant cause. Defendant argues that the limitation stated in section 5—8—1(c) "applies to each and every sentence imposed; no exception is made which allows the judge to increase a particular sentence so long as the aggregate term of years remains the same."

The State attempts to justify the circuit court's decision on the ground that the trial court imposed only a "single sentence" of 15 years' imprisonment. The defendant claims that the trial court could not impose a single sentence for two separate convictions. We need not decide whether the trial court properly imposed a "single sentence" for defendant's convictions of home invasion and attempted murder. We conclude that the State's argument in this regard, as well as the trial court's decision to impose a "single sentence *** on the

two counts," are both improper attempts to circumvent the clear and express language of section 5—8—1(c) of the Unified Code of Corrections.

Under well-settled rules of statutory construction, section 5—8—1(c) is to be interpreted according to the plain meaning of its terms, in order to ascertain and give effect to the intent of the legislature, bearing in mind the reasons for the provision, the harms to be remedied, and the goals to be achieved. (*Faheem-El v. Klincar* (1988), 123 Ill. 2d 291, 298.) Section 5—8—1(c) is consistent with the United States Supreme Court's decision in *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. In *Pearce*, the Court stated that due process may prohibit a judge from imposing a more severe sentence where the defendant has been convicted following a retrial. The Court reasoned that imposing a greater sentence after retrial could essentially penalize the defendant's right to challenge his conviction and sentence. The Court observed that "[d]ue process of law *** requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." (*Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.) The Court concluded that an increased sentence upon resentencing is proper where the defendant has engaged in additional conduct since the date of his original sentence that warrants an enhanced penalty. In addition, whenever a more severe sentence is imposed on resentencing, the "reasons for *** doing so must affirmatively appear [on the record]." (*Pearce*, 395 U.S. at 726, 23 L. Ed. 2d at

670, 89 S. Ct. at 2081.) The *Pearce* rule was recognized and applied by this court in *People v. Baze* (1969), 43 Ill. 2d 298, and *People v. Rivera* (1995), 166 Ill. 2d 279.

Although this court has not addressed the precise question presented in this appeal, the appellate court has considered the contours of section 5—8—1(c). For example, in *People v. Muellner* (1979), 70 Ill. App. 3d 671, the appellate court held that a trial court could not, upon reconsideration, modify a defendant's sentences to be served consecutively rather than concurrently. The court reasoned that "the resentencing of defendant to consecutive terms after originally imposing concurrent sentences was in the very real sense an increase in the length of his sentence because his earliest possible parole release will necessarily be delayed to a later date in time." *Muellner*, 70 Ill. App. 3d at 683. See also *People v. Knowles* (1979), 76 Ill. App. 3d 1004, 1012-13 (same).

In so ruling, the *Muellner* court disagreed with *People v. Hills* (1979), 71 Ill. App. 3d 461, in which the appellate court ruled that the circuit court retained the jurisdiction to modify a defendant's sentence to deny him credit for time served. This court subsequently reversed the appellate court's decision in *Hills* and ruled that a trial court's modification of the terms of a defendant's sentence, to deny him credit for time served while on probation, amounted to an impermissible increase in his sentence. *People v. Hills* (1980), 78 Ill. 2d 500.

With respect to the issue presented in the instant cause, the State contends that this court should be persuaded by the reasoning of the appellate court in *People v. Todd* (1994), 263 Ill. App. 3d 435. In that case, the trial court initially sentenced the defendant to consecutive terms of four years' imprisonment for three convictions of criminal sexual assault. The appellate

court vacated the consecutive nature of the sentences and remanded the cause for resentencing. Upon remand, the trial court increased the terms of imprisonment from 4 years to 12 years for each of the defendant's convictions.

The defendant challenged his sentences on appeal, arguing that the trial court violated section 5—5—4 of the Code, which states that on resentencing, the trial court shall not impose a "more severe" sentence than that originally imposed. (730 ILCS 5—5—4 (West 1992).) The appellate court, with one dissent, rejected the defendant's argument. The appellate court reasoned that the "defendant's sentence on remand was no more severe than his original sentence" since his "original sentence was three consecutive four-year sentences, totaling 12 years' imprisonment, and his resentence totalled 12 years' imprisonment." (*Todd*, 263 Ill. App. 3d at 438.) The court also found it significant that the circuit court's sentence was within the range that could have originally been imposed by the court. *Todd*, 263 Ill. App. 3d at 438.

We disagree with the court's reasoning in *Todd* and find the analysis of the appellate court in *People v. Rivera* (1991), 212 Ill. App. 3d 519, more compelling. In *Rivera*, the appellate court ruled that section 5—8—1(c) barred a trial court from increasing a defendant's sentence notwithstanding the circumstance that the defendant's total number of years' incarceration remained unchanged. In *Rivera*, the defendant was convicted of multiple counts of burglary. The circuit court divided the convictions into four groups. It imposed four years' imprisonment on each conviction, to be served concurrently with sentences for convictions within the same group. With respect to the four groups of convictions, the circuit court imposed consecutive sentencing. As a result, the defendant's aggregate period of imprisonment amounted to 16 years.

Upon defendant's motion to reconsider, the circuit court changed the grouping of defendant's convictions and separated the offenses into two groups. Each of the convictions within the same group received a six-year term of imprisonment. In addition, each of the two groups was to be served consecutively, for a total of 12 years' imprisonment. The trial court then imposed a four-year term, to be served consecutively, for a remaining conviction. Thus, defendant's aggregate period of imprisonment remained at 16 years' incarceration.

On review, the appellate court reduced the defendant's sentences from six years to four years. The court noted that the circuit court was prohibited, under section 5—8—1(c), from increasing the defendant's terms of imprisonment for the separate offenses of which he was convicted, even though the total number of years' imprisonment remained unchanged. The appellate court reasoned:

> "Although the total number of years for all of the sentences remained the same, the sentences for each group ordered to be served consecutively are not one sentence. [Citation.] The fact that the total number of years remained the same due to the consecutive nature of the sentences does not change the fact that each individual sentence was increased. In this appeal, for example, should this court determine that consecutive sentences were not required, defendant would be faced with concurrent terms of six years'·imprisonment rather than four years' imprisonment ***. The trial court improperly increased the individual sentences on the six *** convictions ***." *Rivera*, 212 Ill. App. 3d at 525.

We find the facts and reasoning of *Rivera* equally applicable to our present inquiry. By its express terms, section 5—8—1(c) forbids the increase in a sentence once it has been imposed. As the court correctly observed in *Rivera*, consecutive sentences are not treated as a single sentence under section 5—8—1(c). In the present case, the trial court contravened the explicit dictates of sec-

tion 5—8—1(c) when it impermissibly increased the sentences for defendant's two convictions, from six and nine years for each offense, to 15 years' incarceration. The circumstance that the total number of years' imprisonment remained the same, *i.e.*, 15 years, does not negate the fact that defendant's sentence was increased, from either six or nine years' incarceration to 15 years in prison. This increase in the term of imprisonment delayed by a considerable period of time the date on which the defendant could request parole, thereby causing the defendant substantial prejudice.

Interpretation of section 5—8—1(c) to prevent the sentencing court from increasing a defendant's term of imprisonment under the facts of this case serves the goals identified in *Pearce*, *i.e.*, the risk that the defendant will be penalized for his efforts to seek and obtain relief with respect to alleged errors in the sentence he received. Although we do not believe that the circuit court in the instant cause was motivated by any ill-will against the defendant, it is necessary to construe section 5—8—1(c) according to its plain terms and in a fashion that reasonably protects a defendant's legitimate interest in unbiased sentencing. A defendant should not have to run the risk that a challenge to his consecutive sentencing will result in a resentencing of increased length. Such a risk would have an improper chilling effect on a defendant's decision to challenge a consecutive sentence as imposed by the trial court and could violate fundamental principles of due process of law.

For the reasons stated, the judgment of the appellate court is reversed. The judgment of the circuit court is modified to impose concurrent sentences of nine years' imprisonment for defendant's attempted murder conviction and six years' imprisonment for his home invasion conviction.

*Appellate court judgment reversed;*
*circuit court judgment modified.*

CHIEF JUSTICE BILANDIC, dissenting:

The conclusion reached in this case by both the trial court and a unanimous appellate court is supported by both common sense and logic. At the original sentencing, the trial judge made the considered determination that the defendant deserved a sentence of 15 years' imprisonment. The trial judge accordingly entered a sentencing order which resulted in the defendant receiving a prison term of 15 years. The defendant moved for reconsideration. Upon reconsideration, the trial judge again imposed a sentence which resulted in the defendant receiving a prison term of 15 years. Thus, the defendant's sentence was not increased, and no violation of our criminal code, nor of constitutional principles, occurred. The defendant clearly was not the victim of a vindictive judge who sought to punish the defendant more severely because he had attacked his original sentence. In fact, the majority acknowledges that the record will not support any suggestion that the trial judge was motivated by vindictiveness in his modification of the defendant's sentence. 167 Ill. 2d at 447.

For these reasons, I respectfully dissent. I also join in the dissent of my learned colleague, Justice James D. Heiple, and his reliance on Pythagoras.

JUSTICE HEIPLE joins in this dissent.

JUSTICE HEIPLE, also dissenting:

The 15-year sentence in this case should be affirmed.

The case came up on appeal because of a sentencing modification by the trial judge who had initially sentenced the defendant to two consecutive prison terms of nine and six years for a total of 15 years. When it was brought to the trial judge's attention that consecutive sentences were impermissible, he resentenced the defendant to a single 15-year term.

The majority views this as an increase in the

sentence which is contrary to law. While I agree with the majority that the trial judge had no authority to increase the defendant's sentence, I would only add that he did not do so.

Although diligent legal research disclosed analogous cases in support of my position (*i.e.*, 2 plus 2 equals 4, etc.), I was unable to come up with a precise case involving the figures 9 plus 6. Nonetheless, in mathematics at least, if not in law, this axiomatic principle has been universally accepted since the time of Pythagoras in the 6th century B.C. That is to say, the fact that 9 plus 6 equals 15 has been considered self-evident for the last 2,500 years of recorded history. Accordingly, I respectfully dissent.

CHIEF JUSTICE BILANDIC joins in this dissent.