THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEDRIC
T. MOORE, Defendant-Appellant.

Fourth District   No. 4—03—0790

Opinion filed September 26, 2005.

COOK, P.J., dissenting.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Champaign (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Dedric T. Moore, appeals from a July 2003 order of the trial court resentencing him to a total of 75 years' imprisonment. Defendant argues that the conversion of formerly concurrent sentences to consecutive sentences constitutes an improper increase in his sentence. We affirm.

## I. BACKGROUND

In March 1999, a jury convicted defendant of attempt (first degree murder) (720 ILCS 5/8—4(a), 9—1(a)(1) (West 1998)), home invasion (720 ILCS 5/12—11(a)(2) (West 1998)), residential burglary (720 ILCS 5/19—3 (West 1998)), aggravated criminal sexual abuse (720 ILCS 5/12—16(a)(1) (West 1998)), and aggravated arson (720 ILCS 5/20—1.1(a)(1) (West 1998)). In May 1999, the trial court sentenced defendant to a total of 75 years' imprisonment: a 60-year extended prison term for attempt (first degree murder), concurrent to a 60-year extended prison term for home invasion, concurrent to a 30-year prison term for aggravated arson, concurrent to a 7-year prison term for aggravated sexual abuse, consecutive to a 15-year prison term for residential burglary, for a 75-year prison term in total.

In May 1999, defendant appealed the convictions and sentences, and this court affirmed in *People v. Moore*, No. 4—99—0499 (January 11, 2002) (unpublished order under Supreme Court Rule 23). Thereafter, defendant filed a petition for leave to appeal. The Supreme Court of Illinois denied the petition but ordered this court to vacate the judgment and to reconsider in light of *People v. Swift*, 202 Ill. 2d 378, 392, 781 N.E.2d 292, 300 (2002). *People v. Moore*, 202 Ill. 2d 688 (2003) (nonprecedential supervisory order).

Upon reconsideration, this court vacated defendant's extended-term sentence and remanded for retrial or resentencing at the election of the State pursuant to section 5—5—3(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3(d) (West 2002)). *People v. Moore*, No. 4—99—0499 (April 4, 2003) (unpublished order under Supreme Court Rule 23). The State sought resentencing. On July 1, 2003, the trial court resentenced Moore to a total of 75 years' imprisonment: 30 years for home invasion, consecutive to 30 years for aggravated arson, consecutive to 15 years for residential burglary, concurrent to 30 years for attempt (first degree murder), and concurrent to 7 years for aggravated criminal sexual abuse.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that by ordering formerly concurrent terms to run consecutively, the trial court improperly increased his

sentences. The State argues that defendant forfeited this issue by failing to raise it in a motion to reconsider the sentence because section 5—8—1(c) of the Unified Code requires that a defendant's challenge to his sentence be made within 30 days of sentencing. 730 ILCS 5/5—8—1(c) (West 2002).

■ Typically, failure to raise a sentencing issue in a postsentencing motion forfeits the issue on appeal. *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997). However, since the imposition of more severe sentences upon remand would violate defendant's fundamental rights, this court will review the sentences at issue to determine if the trial court erroneously increased defendant's sentence under section 5—5—4(a) of the Unified Code. See 134 Ill. 2d R. 615. Because the question presented is one of law, our review is *de novo*. *Woods v. Cole*, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 335 (1998).

■ As defendant correctly points out, section 5—5—4(a) of the Unified Code prohibits a court from imposing a greater sentence for an offense on remand and provides as follows: "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence ***." 730 ILCS 5/5—5—4(a) (West 2002).

Illinois courts have held the length of the individual sentence, rather than the aggregate of several terms, is critical in determining whether a sentence was improperly increased under section 5—5—4(a) of the Unified Code. *People v. Sanders*, 356 Ill. App. 3d 998, 827 N.E.2d 17 (2005) (First District). In *Sanders*, the trial court, upon remand, sentenced the defendant to three concurrent 25-year terms. The defendant appealed the resentence, and the trial court sentenced the defendant to consecutive 10-year terms on each count. The defendant again appealed, arguing the resentence violated section 5—5—4(a) because the aggregate term of imprisonment was increased upon resentence. *Sanders*, 356 Ill. App. 3d at 1002-03, 927 N.E.2d at 20. The appellate court affirmed, holding that although the defendant may serve a longer aggregate sentence upon remand, a 10-year term for each individual conviction is less than the previous 25-year term for each conviction. *Sanders*, 356 Ill. App. 3d at 1005, 827 N.E.2d at 22. Therefore, the trial court did not improperly increase defendant's sentence in violation of section 5—5—4(a) of the Unified Code.

■ Similarly here, upon remand, the court reduced the 60-year extended-term sentences for attempt and home invasion to 30-year terms. Clearly, a 30-year prison term is less than a 60-year term. The aggregate of 75 years remains unchanged by the imposition of the 30-year home-invasion term, consecutive to the 30-year aggravated-arson

term and the 15-year residential-burglary term. Similar to the sentencing order in *Sanders*, defendant's individual terms were reduced, and his sentence was not improperly increased upon remand in violation of section 5—5—4(a) of the Unified Code when the trial court imposed consecutive sentences upon formerly concurrent terms of imprisonment.

This court further notes that the cases relied upon by defendant are distinguishable. In *People v. Kilpatrick*, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995), the trial court originally sentenced the defendant to consecutive sentences of six years for home invasion and nine years for attempted murder. Following the defendant's motion to reconsider, the court sentenced the defendant to a single 15-year sentence for both offenses. *Kilpatrick*, 167 Ill. 2d at 441, 657 N.E.2d at 1006. The supreme court reversed, holding that "although the total number of years defendant would be incarcerated was unchanged, consecutive sentences are not treated as a single sentence. Thus, the circuit court's action effectively increased defendant's sentences for each offense to 15 years." *People v. Carney*, 196 Ill. 2d 518, 530, 752 N.E.2d 1137, 1144 (2001) (interpreting *Kilpatrick*).

In the present case, the trial court did not attempt to convert more than one consecutive sentence into a single, longer sentence. In fact, the sentences for residential burglary, aggravated criminal sexual abuse, and aggravated arson remained unchanged, while the sentences for home invasion and attempt were both reduced from 60-year terms to 30-year terms. Therefore, *Kilpatrick* does not support defendant's argument.

*People v. Muellner*, 70 Ill. App. 3d 671, 388 N.E.2d 851 (1979) (Fifth District), is also distinguishable. The defendant there was convicted of two counts of rape and two counts of deviate sexual assault and was sentenced to indeterminate sentences of four to eight years in prison on each count. Several days later, the trial court, upon the State's motion for rehearing, altered the sentence by ordering the terms imposed for rape to run consecutively to those imposed for deviate sexual assault. *Muellner*, 70 Ill. App. 3d at 677, 388 N.E.2d at 856-57. The appellate court affirmed the judgment as modified, vacating the second sentence and reinstating the sentence originally imposed because the resentence increased the overall amount of time served from 4 to 8 years to 8 to 16 years. *Muellner*, 70 Ill. App. 3d at 683-84, 388 N.E.2d at 861.

Here, no such increase occurred. Therefore, *Muellner* also does not support defendant's position.

As defendant's individual terms were reduced and the aggregate remained unchanged, the trial court's resentence complied with sec-

tion 5—5—4(a) of the Unified Code and did not constitute an improper increase of his sentence.

## III. CONCLUSION

For the reasons stated herein, we affirm defendant's sentence.

Affirmed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE COOK, dissenting:

The key components of the May 1999 sentence were the 60-year extended term for attempt (first degree murder), the 60-year extended term for home invasion, and the consecutive 15-year prison term for residential burglary, which produced the 75-year total. We affirmed, one judge dissenting, but the supreme court told us we were wrong, that extended-term sentences could not be imposed by a judge in this case. Extended-term sentencing, requiring the factual finding that the crime was brutal and heinous, must be proved to a jury beyond a reasonable doubt. *Swift*, 202 Ill. 2d at 392, 781 N.E.2d at 300, citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000).

When the case returned to the trial court, that court looked for another way to impose its 75-year sentence. The court did so by imposing the maximum 30-year nonextended sentence for home invasion, the previous 30-year sentence for aggravated arson, and the previous 15-year sentence for residential burglary, this time exercising its discretion to make all those sentences consecutive. The court may impose discretionary consecutive sentences if "it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." 730 ILCS 5/5—8—4(b) (West 2002).

This case does not involve sentences imposed in violation of section 5—8—4(a), requiring consecutive sentences which are said to be void. *People v. Garcia*, 179 Ill. 2d 55, 73, 688 N.E.2d 57, 65 (1997). This case involves a situation where the trial court had properly chosen to impose concurrent sentences, but on remand changed its mind to impose discretionary consecutive sentences, which it had not previously chosen to impose.

Imposition of consecutive sentences has produced difficulties. In *People v. Todd*, 263 Ill. App. 3d 435, 636 N.E.2d 114 (1994), *abrogated in Kilpatrick*, 167 Ill. 2d 439, 657 N.E.2d 1005, the defendant was convicted of three counts of criminal sexual assault (720 ILCS 5/12—

13(a)(3) (West 1992)). Criminal sexual assault is a Class 1 felony, for which the sentence shall be not less than 4 years and not more than 15 years. 730 ILCS 5/5—8—1(a)(4) (West 1992). The trial court determined a sentence of 12 years was appropriate. Believing that consecutive sentences were required, the trial court sentenced defendant to four years on each count, to run consecutively. When it later developed that consecutive sentences could not be imposed, the trial court resentenced defendant to 12 years on each count, the sentences to run concurrently. The supreme court eventually held that the resentencing, even though the total sentence was not increased, was improper.

> "A defendant should not have to run the risk that a challenge to his consecutive sentencing will result in a resentencing of increased length. Such a risk would have an improper chilling effect on a defendant's decision to challenge a consecutive sentence as imposed by the trial court and could violate fundamental principles of due process of law." *Kilpatrick*, 167 Ill. 2d at 447, 657 N.E.2d at 1008.

I read *Kilpatrick* to express real concern about increased sentences on remand, imposing strict rules even where there is only a technical violation and the total sentence is not increased. I do not read *Kilpatrick* as endorsing a rule that would somehow tolerate an increase in the total sentence on remand. *Kilpatrick* quoted with approval the language from *Muellner* that " 'the resentencing of defendant to consecutive terms after originally imposing concurrent sentences was in the very real sense an increase in the length of his sentence because his earliest possible parole release will necessarily be delayed to a later date in time.' " *Kilpatrick*, 167 Ill. 2d at 444, 657 N.E.2d at 1007, quoting *Muellner*, 70 Ill. App. 3d at 683, 388 N.E.2d at 861.

I do not understand how *Sanders* can approve three discretionary consecutive 10-year terms in place of three concurrent 25-year terms. How can an increase in the total sentence from 25 years to 30 years comply with the broad directive that the court "shall not impose a new sentence *** which is more severe than the prior sentence" (730 ILCS 5/5—5—4 (West 2002))? The *Sanders* court relied on *Carney*, but that decision only rejected defendant's argument that consecutive sentences must, under *Apprendi*, be treated as a single sentence. See *Carney*, 196 Ill. 2d at 531, 752 N.E.2d at 1144.

In the present case, the total sentence was unchanged. Under *Kilpatrick*, however, that is not a safe harbor. After remand, the trial court made findings that it had not previously made and imposed a sentence that it had not previously imposed. Given the strict rules applied by *Kilpatrick*, I conclude that a more severe sentence was improperly imposed following remand in this case.