NO. 4-02-1063        Filed 8/9/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )        Appeal from
           Plaintiff-Appellee,        )        Circuit Court of
           v.                     )        Champaign County
ROGER D. HARRIS,                  )        No. 98CF1779
           Defendant-Appellant.        )
                                    )        Honorable
                                      )        Thomas J. Difanis,
                                      )        Judge Presiding.
_____

PRESIDING JUSTICE TURNER delivered the opinion of the court:

Defendant, Roger D. Harris, appeals (1) his sentence following remand and (2) the trial court's dismissal of his pro se postconviction petition.  We affirm in part, vacate in part, and remand with directions.

I. BACKGROUND

On June 16, 1999, a jury found defendant guilty of two counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 1998)) and one count of unlawful restraint (720 ILCS 5/10-3(a) (West 1998)).  Criminal sexual assault is a Class 1 felony, punishable by 4 to 15 years' imprisonment.  730 ILCS 5/5-8-1(a)(4) (West 1998).  Unlawful restraint is a Class 4 felony, punishable by one to three years' imprisonment.  730 ILCS 5/5-8-1(a)(7) (West 1998).  In August 1999, Judge Thomas Difanis held a sentencing hearing, at which he heard the parties' arguments as neither the State nor defendant presented any evidence.  The court sentenced defendant to the maximum term on each count with the sentences to run concurrently.  The court chose not to

impose what it believed was discretionary consecutive sentences, saying, "I don't believe consecutive sentences would be necessary and/or appropriate in this case."

On appeal, this court concluded one of the criminal-sexual-assault convictions must be vacated under the one-act, one-crime rule and remanded for that purpose. People v. Harris, No. 4-99-0806, slip order at 20 (September 21, 2001) (unpublished order under Supreme Court Rule 23). We also determined that consecutive sentences were mandated by the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-4(a), (b) (West 1998)). Harris, slip order at 19. Accordingly, we found (1) the original sentences were void because of the improper concurrent terms and (2) a new sentencing hearing was warranted, at which the trial court had the discretion to determine the length of the individual sentences but did not have the discretion to make them concurrent. Harris, slip order at 19-20. In the order's conclusion, we only vacated the unlawful-restraint sentence but did remand "for further proceedings consistent with the views expressed herein." Harris, slip order at 20.

In a March 7, 2002, docket entry, the trial court noted that pursuant to this court's mandate, it vacated defendant's conviction on count II (criminal sexual assault) and stated defendant's 3-year sentence for unlawful restraint was to run consecutive to his 15-year sentence on count I (criminal sexual assault). The court entered an amended sentencing judgment reflecting the changes. In an April 3, 2002, letter to the court, defendant complained he was not present when the new sentencing decision was made. In response, the court appointed defendant counsel and set a hearing date.

In July 2002, defendant filed a pro se postconviction petition, asserting he was denied effective assistance of trial and appellate counsel. Specifically, he argued

trial counsel was ineffective for (1) failing to properly respond when defendant notified him of a juror sleeping, (2) failing to challenge two jurors who had a family member or a loved one who had been sexually assaulted, and (3) failing to inform defendant he could have asked for a continuance until his "regular" judge could hear the case. Defendant contended his appellate counsel was ineffective for failing to raise on appeal issues of trial counsel's ineffectiveness, namely trial counsel's failure to challenge potentially biased jurors and failure to call Damion Monroe as a witness. On August 15, 2002, the trial court summarily dismissed defendant's postconviction petition as frivolous and patently without merit.

On August 5, 2002, Judge Difanis conducted the sentencing hearing wherein the trial court noted defendant's presence and explained the appellate court had remanded the cause for resentencing on the unlawful-restraint conviction because it was a mandatory consecutive sentence. Neither defendant nor his attorney spoke at the hearing, and neither party presented any evidence. The court admonished defendant in accordance with Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001).

In defendant's August 9, 2002, motion to reconsider his sentence, he argued (1) the trial court failed to properly consider the statutory and other (a) mitigating factors and (b) aggravating factors, and (2) the court's original intention was to sentence defendant to a total of 15 years' imprisonment and thus he should receive no more than 12 years' imprisonment on the criminal-sexual-assault conviction.

In December 2002, the trial court held a hearing on defendant's motion to reconsider his sentence. At the hearing, defendant argued the trial court had the

authority to resentence him on the criminal-sexual-assault conviction and it should decrease the sentence to conform with its original intent. After hearing the parties' arguments, the court denied defendant's motion. This appeal followed.

## II. ANALYSIS

### A. Sentencing Hearing on Remand

Defendant raises two separate issues as to the sentencing hearing conducted by the trial court after this court's remand. First, he asserts the court's sentencing hearing was insufficient in general since he was not given an opportunity to argue for lesser sentences. Second, he alleges the court did not resentence him on the two convictions but, rather, simply ordered the original sentences to run consecutively.

### 1. Sufficiency of the Hearing

We find defendant has forfeited this issue by failing to raise it in his motion to reconsider his sentence. See People v. Reed, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997); see also Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3)(C), eff. October 1, 2001 ("any issue or claim of error regarding the sentence imposed or any aspect of the sentencing hearing not raised in the written motion [to reconsider the sentence] shall be deemed waived"). Defendant's motion to reconsider did not allege the August 2002 hearing was insufficient because he was deprived of the opportunity to make arguments.

While defendant has forfeited this issue and no further inquiry is warranted, we nevertheless note the trial court's sentencing hearing on remand was sufficient. Defendant and his counsel were present at the hearing and never indicated they had any evidence or arguments to present to the trial judge, who was the same

judge that presided at the original sentencing hearing.

## 2. Resentencing

In our prior order, we concluded defendant's remaining sentences were void because they had to run consecutively and remanded the cause for a new sentencing hearing. See Harris, slip order at 19-20. Therefore, at the sentencing hearing on remand, the trial court should have resentenced defendant on both the unlawful-restraint conviction and the remaining criminal-sexual-assault conviction and made the sentences consecutive. Defendant contends the trial court did not resentence him on the two convictions but, rather, simply ordered the original sentences to run consecutively.

Regarding the unlawful-restraint conviction, the record clearly indicates the trial court resentenced defendant to three years' imprisonment. At the sentencing hearing, the court noted the cause had been "remanded for resentencing on the unlawful restraint" and indicated it was imposing a sentence of three years' imprisonment on that conviction. At the hearing on the motion to reconsider, the court stated it "felt that a [three-]

year sentence on the unlawful restraint was appropriate."

With regard to the criminal-sexual-assault conviction, the record suggests the trial court did not resentence defendant on that conviction. At the August 2002 sentencing hearing, when the court stated the cause was "remanded for resentencing on the unlawful restraint," it did not mention the criminal-sexual-assault conviction. The court later explained "what we are doing is actually resentencing him on the unlawful restraint." Again, the court did not mention the criminal-sexual-assault conviction. At

the motion-to-reconsider hearing, the court noted the motion was timely as to "[t]he three[-]year sentence that was imposed consecutively *** after the [a]ppellate [c]ourt decision."

We understand the trial court's failure to resentence defendant on the criminal-sexual-assault conviction. In the analysis section of our prior order, we found the remaining sentences were void and informed the trial court it "has discretion to determine the length of the individual sentences, but does not have the discretion to make them concurrent." Harris, slip order at 20. However, in our conclusion, we only expressly vacated the unlawful-restraint sentence but did not mention the remaining criminal-sexual-assault sentence. See Harris, slip order at 20. While the conclusion did state the cause was remanded "for further proceedings consistent with the views expressed herein" (Harris, slip order at 20), our failure to expressly vacate the criminal-sexual-assault sentence as we had done with the unlawful-restraint sentence was confusing.

Thus, we will now expressly vacate both the unlawful-restraint and criminal-sexual-assault sentences and remand the cause for a new sentencing hearing. We again remind the trial court it "has discretion to determine the length of the individual sentences, but does not have the discretion to make them concurrent." Harris, slip order at 20.

Additionally, we note our disagreement with Justice Cook's special concurrence, in which he finds that on remand, the trial court may not increase defendant's total sentence from 15 to 18 years. Although consecutive, defendant's two sentences must be viewed individually in

determining whether a sentence has been increased in violation of section 5-5-4 of the Unified Code (730 ILCS 5/5-5-4 (West 1998)). As our supreme court has stated "[e]ach conviction results in a discrete sentence that must be treated individually." People v. Carney, 196 Ill. 2d 518, 530, 752 N.E.2d 1137, 1144 (2001). Indeed, the supreme court "has long held that consecutive sentences constitute separate sentences for each crime of which a defendant has been convicted." Carney, 196 Ill. 2d at 529, 752 N.E.2d at 1143. "Our jurisprudence, therefore, makes it clear that consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense." Carney, 196 Ill. 2d at 530, 752 N.E.2d at 1144. Thus, regardless of the aggregate, the trial court's new sentences will not violate section 5-5-4 as long as they do not exceed their original, individual sentences, i.e., 15 years' imprisonment for criminal sexual assault and 3 years' imprisonment for unlawful restraint. Accordingly, an aggregate sentence of 18 years may be proper.

Our conclusion is consistent with the precedent of our sister First District Appellate Court. In People v. Sanders, 356 Ill. App. 3d 998, 827 N.E.2d 17 (2005), the court was faced with the precise issue presented here. There, after two remands, the trial court imposed three consecutive 10-year sentences. Sanders, 356 Ill. App. 3d at 1002, 827 N.E.2d at 20. Defendant

argued the sentences imposed violated section 5-5-4 of the Unified Code (730 ILCS 5/5-5-4 (West 2002)) because he had previously been sentenced (on the first remand) to three concurrent 25-year terms. Defendant argued the trial court's sentence required him to serve five years longer than the sentence imposed upon his first resentencing. Sanders, 356 Ill. App. 3d at 1003, 827 N.E.2d at 20-21. The court concluded as follows:

> "Here, defendant's individual sentence for each specific conviction was not increased. Upon his first resentencing, defendant was sentenced to 25 years for each individual conviction. Upon his second resentencing, he was given 10 years for each individual conviction. Clearly, 10 is not greater than 25. The fact that defendant may now be in prison for 30 years (rather than 25 ***) is of no consequence *** since the three sentences cannot be added together to form one sentence.
>
> Accordingly, we find that the trial court did not increase defendant's sentences upon his second resentencing." Sanders, 356 Ill. App. 3d at 1005, 827 N.E.2d at 22-23.

We further note this court has previously cited Sanders with

approval.  See People v. Moore, 359 Ill. App. 3d 1090, 1092, 835 N.E.2d 980, 982 (2005).

## B. Postconviction Petition

Defendant also alleges the trial court erred by dismissing his postconviction petition at the initial stage.

The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 through 122-8 (West 2002)) provides a defendant with a collateral means to challenge his or her conviction or sentence for violations of federal or state constitutional rights.  People v. Jones, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004).  Once the defendant files a petition under the Postconviction Act, the trial court must first, independently and without considering any argument by the State, decide whether the defendant's petition is "frivolous or is patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2002).  To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only a limited amount of detail.  People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  Moreover, a defendant's failure to either (1) attach "the necessary 'affidavits, records, or other evidence'" supporting the petitions allegations or (2) explain their absence will itself justify the petition's summary dis-missal.  People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195,

198 (2002), quoting 725 ILCS 5/122-2 (West 2000). This court reviews de novo the trial court's dismissal of a postconviction petition without an evidentiary hearing. People v. Simms, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105-06 (2000).

Defendant alleges the trial court erred by summarily dismissing his postconviction petition because (1) his trial counsel was ineffective for (a) failing to remove two jurors that were biased because they had family members who had been sexually assaulted and (b) not promptly bringing to the court's attention a sleeping juror, and (2) his appellate counsel was ineffective for failing to order a transcript of voir dire for which to base an ineffective-assistance-of-trial claim regarding the "biased" jurors.

This court reviews ineffective-assistance-of-counsel claims under the standard set forth in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). People v. Evans, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under Strickland, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. Evans, 186 Ill. 2d at 93, 708 N.E.2d at 1163-64. As to the first prong, the defendant must overcome a strong presumption the counsel's challenged actions were the product of sound trial strategy. People v. Metcalfe, 202 Ill. 2d 544, 561, 782 N.E.2d 263, 274 (2002).

Here, the trial court properly dismissed defendant's postconviction petition at the first stage. First, defendant failed to comply with section 122-2 of the

Postconviction Act's requirement that a defendant attach "affidavits, records, or other evidence" in support of the petition's allegations or offer an explanation for the absence of such documentation. 725 ILCS 5/122-2 (West 2002). That failure itself justifies the summary dismissal of defendant's postconviction petition. Collins, 202 Ill. 2d at 66, 782 N.E.2d at 198.

Second, the ineffective-assistance-of-trial-counsel allegations that defendant raises are matters of trial strategy, which will not support an ineffective-assistance-of-counsel claim unless counsel failed to conduct any meaningful adversarial testing (People v. Patterson, 217 Ill. 2d 407, 441, 841 N.E.2d 889, 909 (2005)). In his direct appeal, defendant himself suggested the time in which to raise the issue of a sleeping juror was a matter of trial strategy. See People v. Johnson, 334 Ill. App. 3d 666, 680, 778 N.E.2d 772, 784 (2002) (noting a defendant forfeits his or her right to complain of an error where to do so is inconsistent with the position taken by the defendant in an earlier court proceeding). As to defense counsel's acceptance of the two jurors, a counsel's conduct during jury voir dire also involves matters of trial strategy. Metcalfe, 202 Ill. 2d at 562, 782 N.E.2d at 274.

Third, defendant has not alleged prejudice as to all three allegations. Since we have found defendant was not denied effective assistance of trial counsel, defendant cannot prove he was prejudiced by appellate counsel's failure to raise the ineffective-assistance-of-trial-counsel allegations. As to the sleeping juror, the trial court noted for the record it had observed the "sleeping juror," and had found him to appear "as attentive as most of the other jurors." Regarding the other two jurors, defendant

alleged no facts that showed the jurors were in fact biased.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's dismissal of defendant's postconviction petition, vacate defendant's unlawful-restraint and criminal-sexual-assault sentences, and remand for a new sentencing hearing consistent with this opinion.

Affirmed in part and vacated in part; cause remanded with directions.

MYERSCOUGH J., concurs.

COOK, J., specially concurs.

JUSTICE COOK, specially concurring:

I concur in the decision to vacate and remand for a new sentencing hearing. I suggest, however, that the trial court, in the circumstances of this case, may not increase defendant's total sentence from 15 to 18 years.

A reviewing court does not have the power to increase the punishment imposed by the trial court. See 134 Ill. 2d R. 615(b). A trial court may reduce a sentence within 30 days after the sentence is imposed, but the court may not increase a sentence once it is imposed. 730 ILCS 5/5-8-1(c) (West 2002). Where a conviction has been set aside on direct appeal, the court shall not impose a new sentence that is more severe than the prior sentence. 730 ILCS 5/5-5-4 (West 2002). Section 5-5-4 sets out requirements of due process. See North Carolina v. Pearce, 395 U.S. 711, 725, 23 L. Ed. 2d 656, 669, 89 S. Ct. 2072, 2080 (1969); People v. Kilpatrick, 167 Ill. 2d 439, 447, 657 N.E.2d 1005, 1008 (1995) (improper chilling effect on appeal). A harsher sentence imposed after a successful appeal or motion to reconsider is only proper if it is based on additional bad conduct performed by the defendant after the original sentencing.

People v. Moore, 177 Ill. 2d 421, 433, 686 N.E.2d 587, 594 (1997).

However, where concurrent sentences are imposed in violation of section 5-8-4(a), requiring consecutive sentences, those sentences are void.  People v. Arna, 168 Ill. 2d 107, 112-13, 658 N.E.2d 445, 448 (1995).  The sentences to be imposed on those counts on remand, therefore, will not be greater than, less than, or equal to defendant's original sentences.  People v. Garcia, 179 Ill. 2d 55, 73, 688 N.E.2d 57, 65 (1997).  The due- process prophylactic rule of Pearce has been limited in its application to circumstances in which there is a reasonable likelihood that an increase in sentence is the product of actual judicial vindictiveness.  However, "the correction of a void sentence under Arna fails to present circumstances in which there is a reasonable likelihood that a sentence imposed on remand will be the product of judicial vindictiveness against a defendant."  Garcia, 179 Ill. 2d at 75, 688 N.E.2d at 66.

Garcia did not consider the sentences that were actually imposed after remand.  Garcia was concerned only with the limited steps that must be taken to correct a void sentence under Arna.  An increase in the total sentence is appropriate if necessary to comply with Arna, but it is not clear why a trial court would increase the total sentence if it were not necessary to do so.  We have affirmed several decisions, noting that the total sentence was not increased.  See, e.g., People v. Moore, 359 Ill. App. 3d 1090, 1093-94, 835 N.E.2d 980, 983 (2005) ("As defendant's individual terms were reduced and the aggregate remained unchanged, the trial court's resentence complied with section 5-5-4(a) [(730 ILCS 5/5-5-4(a) (West 2002))] of the Unified Code and did not constitute an improper increase of his sentence").  In the present case, defendant's total sentence was increased after remand, from 15 years to 18 years.

The statute mandating consecutive sentences is concerned with the total sentence a defendant will receive. The purpose of mandatory consecutive sentences is to insure that the defendant receives, in total, at least the minimum sentence on each count. Here, for example, the trial court could not have sentenced defendant to a total imprisonment of less than five years. The mandatory-consecutive-sentences statute is not a device for haphazardly increasing sentences on appeal that the trial court originally deemed appropriate.

The majority cites People v. Carney, 196 Ill. 2d 518, 752 N.E.2d 1137 (2001) (holding that court's finding of "severe bodily injury" and imposition of mandatory consecutive sentences did not violate Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)). However, that case did not involve any issue of increased sentence on remand and did not discuss the judicial-vindictiveness concern addressed in section 5-5-4. The majority also cites People v. Sanders, 356 Ill. App. 3d 998, 827 N.E.2d 17 (2005), but in that case, the defendant's original total sentence was 45 years, which was not exceeded on either of the subsequent remands. Cases holding that an increase in an individual sentence violates section 5-5-4 are not authority for the proposition that an increase in the total sentence can never violate section 5-5-4.