NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 160883-U

NO. 4-16-0883

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 19, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee | ) | Circuit Court of |
| v. | ) | Champaign County |
| RONALD BRAMLEY, | ) | No. 13CF788 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court granted counsel's motion to withdraw because no meritorious issues could be raised on appeal.

¶ 2        This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel. In September 2016, defendant, Ronald Bramley, *pro se* filed a petition for postconviction relief challenging his conviction for aggravated battery. The trial court dismissed the petition, and defendant appealed.

¶ 3        In September 2018, OSAD filed a motion to withdraw. In its brief, OSAD contends that appeal of this case presents no potentially meritorious issues for review. We agree, grant OSAD's motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5                                 A. Procedural History

¶ 6        In May 2013, the State charged defendant with (1) domestic battery with a prior

domestic battery conviction (720 ILCS 5/12-3.2(a)(2) (West 2012)), alleging defendant grabbed

his wife by the torso and dragged her and (2) aggravated battery (*id.* § 12-3.05(d)(7)), alleging

defendant struck a public transportation passenger who attempted to intervene.

¶ 7        In August 2013, the trial court conducted defendant's jury trial, and he was found

not guilty of domestic battery and guilty of aggravated battery.

¶ 8        Later in August 2013, defendant filed a motion for a new trial, claiming the trial

court erred by denying a motion *in limine* to prohibit the use of the term "victim" and for failing

to give Illinois Pattern Jury Instructions, Criminal, No. 24-25.06 (4th ed. 2000). Shortly

thereafter, defendant filed an amended motion for a new trial, adding a claim that the aggravated

battery victim was biased against defendant. In September 2013, defendant filed a second

amended motion for a new trial, adding a claim that the conviction for aggravated battery was

inconsistent with the not guilty verdict for domestic battery. The trial court rejected all the claims

and denied the motion.

¶ 9        In October 2013, the trial court conducted defendant's sentencing hearing. At that

hearing, while discussing factors in aggravation, the court stated, "[a]nd it is unfortunate that he

has not utilized what is obviously an intelligence. He's very intelligent, articulate. He's acquired

multiple certifications and associate degrees. Notable, always while he's in the structured

environment of the Department of Corrections. Once he's released, we see that he gets back into

trouble." The court sentenced defendant to eight years in prison. The following day, defendant

filed a motion to reconsider sentence, arguing it was excessive.

¶ 10        In January 2014, the trial court conducted a hearing on the motion to reconsider

sentence. At the hearing, defendant's wife, Valerie Lee, testified regarding how defendant's

imprisonment would cause her family hardship. In coming to its conclusion, the court said,

"With respect to [defendant's] being a provider for the household, his income is social security

disability, no other legitimate income or source of income, so it's a limited role that he plays in

the household's financial well-being." The court also noted that in relation to whether

defendant's medical condition would be a burden on the taxpayer if he was imprisoned, "[h]e's a

burden on the taxpayer either way because the taxpayer is going to be paying for his medical

concerns and his social security either in the community or in the Department of Corrections."

¶ 11        Later in January 2014, defendant filed a direct appeal, arguing only that the trial

court erroneously denied his request for a self-defense jury instruction. This court affirmed,

concluding the evidence was insufficient to show defendant was entitled to a self-defense

instruction. *People v. Bramley*, 2016 IL App (4th) 140033-U, ¶ 33.

¶ 12                        B. Defendant's Postconviction Petition

¶ 13        In September 2016, defendant *pro se* filed a motion challenging his conviction

entitled "Post Conviction Motion filed under 725 ILCS 5/122-1 and 735 ILCS 5/2-1401" which

referred to both this case and another case involving defendant not relevant to this appeal,

Champaign County case No. 12-CF-641 (case No. 12-CF-641), in which defendant pled guilty to

unlawful possession of a controlled substance.

¶ 14        In October 2016, the trial court summarily dismissed the petition. In November

2016, defendant appealed, and OSAD was appointed to represent him on that appeal.

¶ 15                        C. The Current Appeal and OSAD's Motion to Withdraw

¶ 16        In September 2018, OSAD filed a motion to withdraw, arguing that appeal of this

case presents no potentially meritorious issues for review. In September 2019, defendant filed a response that again addressed both this case and case No. 12-CF-641.

¶ 17        Relevant to this case, defendant additionally claimed his wife had submitted an affidavit to the State refuting the charge of domestic violence, which was neither tendered to defendant by the State nor pursued by defendant's trial counsel, despite defendant's efforts "to have this evidence introduced before trial, during trial, and after trial," and reiterated his contention that the verdicts were inconsistent. In October 2019, the State filed a brief addressing defendant's response.

¶ 18                                II. ANALYSIS

¶ 19        In its brief, OSAD addresses two potential constitutional arguments that defendant could raise: (1) the trial court's comments about defendant's disability reveal bias and (2) the court's comments about defendant's educational progress reveal bias. Defendant further asserts that (1) his rights were violated because his wife's affidavit was neither disclosed to him by the State nor pursued by his trial counsel and (2) the verdicts rendered against him were legally inconsistent.

¶ 20                        A. Standard of Review and Applicable Law

¶ 21                            1. *Postconviction Petitions*

¶ 22        A defendant may file a postconviction petition to assert that the proceedings resulted in a denial of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2016). At the first stage of postconviction proceedings, the trial court must dismiss the petition if it "determines the petition is frivolous or is patently without merit." *Id.* § 122-2.1(a)(2). The threshold to survive dismissal is low, requiring only that the defendant "present the gist of a constitutional claim." *People v. Harris*, 366 Ill. App. 3d 1161, 1166-67, 853 N.E.2d 912, 917 (2006). A petition that is

completely contradicted by the record is meritless and lacks an arguable basis in law and in fact. *People v. Hodges*, 234 Ill. 2d 1, 16, 912 N.E.2d 1204, 1212 (2009).

¶ 23　　　　A defendant is prohibited from raising issues in a postconviction petition that could have been presented on direct appeal but were not. *People v. Young*, 2018 IL 122598, ¶ 16, 115 N.E.3d 194. "The purpose of a postconviction action is to permit inquiry into constitutional issues involved in the original trial that have not been, and could not have been, adjudicated previously upon direct review." *Id.* Thus, an argument that could have been made on direct appeal but was not is forfeited. *Id.* A reviewing court reviews the summary dismissal of a postconviction petition *de novo*. *Harris*, 366 Ill. App. 3d at 1167.

¶ 24　　　　　　　　　　　2. *Petitions Pursuant to Section 2-1401*

¶ 25　　　　A defendant in a criminal case may file a petition for relief from judgment to "correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." (Internal quotation marks omitted.) *People v. Waters*, 328 Ill. App. 3d 117, 126-27, 764 N.E.2d 1194, 1202 (2002). Such a petition must be brought within two years after entry of a judgment, but a defendant under legal disability or duress or from whom the ground for relief was fraudulently concealed may bring a petition later. 735 ILCS 5/2-1401(c) (West 2016). A voidness challenge is also exempt from the two-year procedural bar if (1) the court that entered the judgment lacked either personal or subject matter jurisdiction or (2) the petition alleges a final judgment was based on a facially unconstitutional statute. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 43 N.E.3d 984; see also 735 ILCS 5/2-1401(f) (West 2016). The pendency of a direct appeal does not toll the two-year limitation period. *People v. Caballero*, 179 Ill. 2d 205, 211, 688 N.E.2d 658, 661 (1997). A trial court should dismiss a Section 2-1401 petition as

untimely if it is filed more than two years after the entry of judgment, "absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed." *People v. Pinkonsly*, 207 Ill. 2d 555, 562, 802 N.E.2d 236, 241 (2003). We review the trial court's dismissal of the defendant's section 2-1401 petition for an abuse of discretion. *Id.*

¶ 26        B. Defendant's Allegations of the Trial Court's Bias

¶ 27        Defendant claims that the trial court's comments about his (1) disability and (2) educational accomplishments reveal bias on behalf of the trial court. In assessing defendant's claims, we note that "[a] trial judge is presumed to be impartial, and the party challenging the judge's impartiality bears the burden of overcoming this presumption." *People v. Romero*, 2018 IL App (1st) 143132, ¶ 96, 105 N.E.3d 1048.

¶ 28        Defendant complained in his postconviction petition that the trial court made "derogatory" comments about defendant's disability at the hearing on his motion to reconsider sentence. In particular, he claimed the statements about his disability "could have been implying that because the defendant was not working and was recieving [*sic*] disability checks (SSI), that the defendant was Less [*sic*] rehabilitative that [*sic*] a person who was working or Able [*sic*] to work."

¶ 29        At the hearing on the motion to reconsider sentence, defendant's wife testified that the family would experience hardship if defendant were imprisoned. In addressing that claim, the trial court said, "[w]ith respect to [defendant] being a provider for the household, his income is social security disability, no other legitimate income or source of income, so it's a limited role that he plays in the household's financial well-being." OSAD correctly notes that these comments reflected the trial court's evaluation of evidence presented at the hearing and

- 6 -

expressed its conclusion that the facts presented were not particularly mitigating. The court was not speaking to the rehabilitative potential of a person with a disability as defendant claims, therefore defendant's contention is contradicted by the record and is meritless.

¶ 30　　　　Defendant also claims the trial court demonstrated bias by minimizing his educational accomplishments. In particular, defendant claims that "it was in the court's opinion that because the defendant had went to school while he was incarcerated and had made many achievements, such as degrees of higher education, certificates of vocation, as well as Licenses [*sic*] *** that these achievements were less as important and did not mean as much as they would have if they were accomplished outside of the department of corrections." Defendant argues that this opinion is contrary to the goals of the Department of Corrections and the judicial system. Defendant also argues that the court "completely overlooked" the fact that he was a student at the time of the offense and throughout the proceedings.

¶ 31　　　　In particular, the trial court said, "And it is unfortunate that he has not utilized what is obviously an intelligence. He's very intelligent, articulate. He's acquired multiple certifications and associate degrees. Notable, always while he's in the structured environment of the Department of Corrections. Once he's released, we see that he gets back into trouble." OSAD correctly notes that the trial court's comments merely indicated that it was not giving much weight to the mitigating nature of those accomplishments because defendant's behavior outside of prison undermined the progress he made while incarcerated. The court did not state any opinion as to whether an educational achievement while incarcerated is more or less important than such an achievement while not incarcerated. Thus, defendant's contention is contradicted by the record and is meritless. Further, OSAD correctly notes that whether the court correctly weighed his educational efforts while not incarcerated is not a constitutional question and

therefore not a valid claim in postconviction proceedings.

¶ 32                                 C. Additional Arguments

¶ 33        Defendant filed a response to OSAD's motion to withdraw which further argued that (1) defendant suffered from ineffective assistance of counsel, (2) the State committed a *Brady* violation (see *Brady v. Maryland*, 373 U.S. 83, 87 (1963)), and (3) defendant's verdicts were legally inconsistent.

¶ 34        Defendant first argues that (1) the State committed a *Brady* violation by failing to disclose his wife's affidavit before trial and (2) trial counsel was ineffective for not pursuing the affidavit. For each claim to be successful, defendant would have to show that there is a reasonable probability that the outcome of the proceeding would have been different. See *Smith v. Cain*, 565 U.S. 73, 75 (2012) ("Under *Brady*, the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment. *** We have explained that 'evidence is "material" within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.' [citation.]"); see also *Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

¶ 35        The affidavit allegedly stated that defendant did not commit a domestic battery, the offense for which defendant was found not guilty. Because the affidavit addresses a charge for which defendant was already found not guilty, the affidavit could not have changed the outcome of the trial and therefore this claim is without merit.

¶ 36        Defendant next contends that the verdicts rendered at trial were legally inconsistent. Defendant made the same argument in a motion for a new trial and failed to renew

this claim in his subsequent direct appeal. Thus, defendant has forfeited this argument.

¶ 37                    D. Defendant's Section 2-1401 Claims

¶ 38        At defendant's request, the trial court also construed his petition alternatively as a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2016). Generally, such a petition must be filed within two years after entry of the judgment being challenged. *Id.* § 2-1401(c).

¶ 39        Defendant is not entitled to relief from judgment because his motion is time-barred. Defendant was found guilty in August 2013, sentenced in October 2013, and his motion to reconsider sentence was denied in January 2014. Defendant did not file his postconviction motion until September 2016, two years and eight months after the trial court denied his motion to reconsider sentence. Thus, defendant's petition was untimely. In addition, defendant does not argue that he was under legal disability or duress or that the grounds for relief were fraudulently concealed. In fact, the grounds upon which defendant filed his motion were readily apparent at the conclusion of the initial trial court proceedings. Defendant has fallen far short of showing the trial court abused its discretion in dismissing the petition. Thus, defendant is not entitled to relief from judgment.

¶ 40                    E. Champaign County Case No. 12-CF-641

¶ 41        Defendant raises other issues regarding case No. 12-CF-641, an unlawful possession of a controlled substance case. However, those issues have been raised in multiple separate appeals. We therefore do not consider those issues here.

¶ 42                           III. CONCLUSION

¶ 43        For the reasons stated, we agree with OSAD that no meritorious issue can be raised on appeal. We therefore grant OSAD's motion to withdraw as counsel and affirm the trial

court's judgment.

¶ 44            Affirmed.