NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180120-U

NO. 4-18-0120

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 25, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee | ) | Circuit Court of |
| v. | ) | McLean County |
| ALEXANDER V. BEARD, | ) | No. 13CF1263 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert Freitag, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court granted counsel's motion to withdraw because no meritorious issues could be raised on appeal.

¶ 2       This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel. In November 2017, defendant, Alexander V. Beard, filed a petition for postconviction relief alleging that (1) the trial court erred by admitting the hearsay statements of a child declarant and (2) his trial counsel rendered ineffective assistance by failing to call witnesses and investigate defendant's alibi defense. The trial court denied defendant's petition, finding his claims were barred by *res judicata*.

¶ 3       Defendant appealed, and OSAD was appointed to represent him. In August 2019, OSAD filed a motion to withdraw. In its brief, OSAD contends that the appeal of this case is without arguable merit. We agree, grant OSAD's motion to withdraw as counsel, and affirm the trial court's judgment.

¶ 4                                I. BACKGROUND

¶ 5                               A. Procedural History

¶ 6          In September 2013, the State charged defendant with four counts of aggravated

criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2012)) and one count of predatory

criminal sexual assault (*id.* § 11-1.40(a)(1)). The charges stemmed from allegations made by

S.W., a minor under the age of 13, regarding four separate instances of abuse between April and

July of 2013.

¶ 7                                B. The Jury Trial

¶ 8          In December 2013, the trial court conducted defendant's jury trial. S.W. testified

at trial and described the four instances of abuse during the spring of 2013. In the first instance,

defendant was playing in a bedroom with S.W., and after another child left the room, defendant

mounted S.W. and "started rubbing his private parts on her." Both S.W. and defendant were

clothed. S.W. also testified to a second incident in a bathroom where defendant disrobed, pulled

S.W.'s pants down, and "rubbed his private parts against hers."

¶ 9          Sometime after the first two incidents, S.W. and defendant were at a park playing

basketball when defendant took S.W. to the softball field dugouts and tried to make her touch his

penis. The final incident occurred when defendant took S.W. to get soda and snacks in his van

and pulled behind a store. While both were moving items in the van, defendant began groping

S.W. and pulled both their pants down while rubbing his genitals against her.

¶ 10         S.W. eventually left to live with her father and returned to Bloomington at the end

of July. S.W. testified to a rough timeline of the events but could not remember the specific

amount of time between each incident. S.W. stated that after she returned, her older sister's

boyfriend, Luke, began asking S.W. if defendant had ever touched her in an inappropriate place.

S.W. testified that she told him defendant had touched her. Luke testified at trial that he believed something was not right with S.W. and defendant's relationship, so he decided to investigate himself.

¶ 11     Defendant chose to testify at trial. He claimed that S.W. was never in the apartment with him when he was the only adult home and that whenever she was present, at least two other children were also present. Defendant denied ever making sexual contact with S.W. and stated that he believed S.W. was "coerced" by Luke into accusing defendant of the abuse.

¶ 12     Following closing arguments, the jury found defendant guilty of three counts of aggravated criminal sexual abuse and one count of predatory criminal sexual assault.

¶ 13                    C. Posttrial Motions and Proceedings

¶ 14     In January 2014, defendant filed a motion for judgment notwithstanding the verdict. Defendant argued the State failed to prove its case beyond a reasonable doubt and the jury's findings were against the manifest weight of the evidence. Defendant also sent a letter to the trial judge alleging, in part, ineffective assistance of counsel. Defendant alleged certain witnesses were "excluded" by defense counsel and that counsel failed to impeach several witnesses with eligible prior offenses.

¶ 15     Later that month, the trial court conducted defendant's sentencing hearing and addressed his posttrial motion and letter alleging he received ineffective assistance of counsel. Defendant claimed that trial counsel was ineffective for failing to call his girlfriend's children, other children living in the apartment, and several police officers despite his requests that counsel do so. Defendant claimed that these witnesses would have provided additional information regarding some of the allegations of abuse and that the officers would have helped discredit Luke's character. Defendant also alleged trial counsel did not discuss trial strategy with

him.

¶ 16    Defense counsel testified that he did not call the child witnesses because there was no evidence that they were "occurrence witnesses." He also noted that he did not feel they could have offered any helpful testimony, and further, that testimony from other witnesses regarding Luke's character would have been "irrelevant" and "tangential." Trial counsel also noted that the impeachable witnesses only had property crimes as prior offenses and that bringing them to the jury's attention would not cast any doubt on the fact that allegations of improper touching were made by the witnesses.

¶ 17    Ultimately, the trial court found that defense counsel had made "sound tactical decisions," and thus, defendant was not entitled to the appointment of new counsel.

¶ 18    The trial court sentenced defendant to a total of 18 years in prison, 6 years in prison on each aggravated criminal sexual abuse charge, to be served concurrently to each other but consecutively to 12 years in prison for predatory criminal sexual abuse.

¶ 19                              D. Direct Appeal

¶ 20    In February 2016, on direct appeal, this court held that (1) the evidence was sufficient to sustain defendant's convictions, (2) the trial court did not err by admitting hearsay statements of the child victim, and (3) the trial court did not err by declining to appoint new counsel after defendant claimed he received ineffective assistance of trial counsel. *People v. Beard*, 2016 IL App (4th) 140286-U. Accordingly, we affirmed the trial court's judgment. *Id.*

¶ 21    E. The Current Postconviction Petition and OSAD's Motion To Withdraw

¶ 22    In November 2017, defendant filed the current petition for postconviction relief. Defendant alleged that the trial court erred by (1) admitting the hearsay statements made by the child victim and (2) failing to appoint new counsel after his initial trial counsel failed to

investigate and call witnesses, impeach State witnesses, and establish an alibi defense. The trial court denied defendant's petition in February 2018, finding his claims were barred by *res judicata*.

¶ 23 Defendant appealed and OSAD was appointed as appellate counsel. In August 2019, OSAD filed a motion to withdraw, asserting that defendant's claims were previously addressed by this court on direct appeal and are therefore barred by *res judicata*. Defendant filed a response to OSAD's motion, claiming that to the extent his claims are barred by *res judicata*, fundamental fairness requires the standard for his petition be relaxed. The State filed a brief arguing the trial court's dismissal was proper, and defendant filed a reply.

¶ 24 II. ANALYSIS

¶ 25 A. The Standard of Review and Applicable Law

¶ 26 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) allows individuals convicted of a criminal offense to challenge the proceedings in which they were convicted under federal or state constitutions, or both. *People v. Cathey*, 2012 IL 111746, ¶ 17. A postconviction petition may be summarily dismissed within 90 days of its filing if it is frivolous or patently without merit. *Id.* A petition is frivolous or patently without merit only if it has no arguable basis either in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). To survive dismissal at this stage the petition need only "present the gist of a constitutional claim." *People v. Harris*, 366 Ill. App. 3d 1161, 1167 (2006).

¶ 27 Postconviction proceedings are limited to issues which have not been and could not have been previously decided. *People v. Stewart*, 123 Ill. 2d 368, 372 (1988). All issues actually decided on direct appeal are barred by *res judicata*, and all those which could have been presented but were not are waived. *Id.*

¶ 28        We review the dismissal of a postconviction petition *de novo*. *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 29                    B. The Trial Court Did Not Err by Dismissing Defendant's Petition

¶ 30        In his postconviction petition, defendant alleged several issues that were already addressed in his direct appeal. On direct appeal, defendant alleged the trial court erred by admitting hearsay statements made by the child declarant and that the trial court erred in failing to appoint new counsel based on defendant's allegations of ineffective assistance of trial counsel. *Beard*, 2016 IL App (4th) 140286-U, ¶ 1. Because these issues were raised in defendant's direct appeal, the trial court correctly determined they are barred by *res judicata*.

¶ 31        Defendant's additional claim that an unnamed Department of Children and Family Services (DCFS) caseworker was not called could have been included in a posttrial motion or in defendant's direct appeal and is therefore forfeited. See *Stewart*, 123 Ill. 2d at 372.

¶ 32        Defendant argues that fundamental fairness requires a relaxed standard for his postconviction petition. Fundamental fairness escapes precise definition but in initial postconviction petitions it is a principle of judicial administration, not an express requirement. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002). Defendant's *pro se* response does nothing but further argue claims that have already been adjudicated in his direct appeal or that could have been raised but were not. See *Stewart*, 123 Ill. 2d at 372. Defendant has provided no other reason for fundamental fairness to bar the application of *res judicata*.

¶ 33                            III. CONCLUSION

¶ 34        OSAD's motion to withdraw is granted, and the trial court's judgment is affirmed.

¶ 35        Affirmed.