NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190714-U

NO. 4-19-0714

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 17, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| GAVIN MASTERS, | ) | No. 15CF362 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court reversed and remanded for further postconviction proceedings where defendant's postconviction petition stated the gist of a constitutional claim.

¶ 2     In June 2019, defendant, Gavin Masters, filed a postconviction petition alleging, in part, defendant's aggregate 115-year prison sentence violated the eighth amendment of the United States Constitution. In September 2019, the trial court entered an order dismissing the postconviction petition at the first stage of proceedings.

¶ 3     Defendant appeals, arguing the trial court erred by summarily dismissing his postconviction petition at the first stage of proceedings where the petition alleged the gist of a constitutional claim that his sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. For the following reasons, we reverse and remand the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5              In November 2015, a jury found defendant guilty of first degree murder and

attempted first degree murder. The jury further found the State proved the allegation defendant

personally discharged a firearm that proximately caused the death of another. The trial court

sentenced defendant to consecutive sentences of 70 years' imprisonment on the first degree

murder conviction and 45 years' imprisonment on the attempted first degree murder conviction.

¶ 6              In June 2019, defendant filed a postconviction petition. Defendant alleged his

aggregate sentence of 115 years' imprisonment violated the eighth amendment because it was a

mandatory *de facto* life sentence. In the petition, defendant acknowledged he was 18 years old at

the time of the offense and a facial challenge to his aggregate sentence under the eighth

amendment failed. However, defendant alleged a record needed to be developed sufficiently to

address his claim that *Miller v. Alabama*, 567 U.S. 460 (2012) applied to his particular

circumstances. The petition alleged defendant was less mature and had an underdeveloped sense

of responsibility, was more vulnerable to negative influences and pressures, and his character

was less fixed making his actions less likely to be indicative of irretrievable depravity.

¶ 7              In September 2019, the trial court dismissed the postconviction petition. The

court found defendant's sentencing claim frivolous and without merit because defendant "was 18

years of age at the time the offenses were committed [and] a *de facto* life sentence does not

violate the state o[r] federal [c]onstitution."

¶ 8              Defendant filed a motion to reconsider the dismissal of his postconviction

petition. The trial court denied the motion to reconsider. In part, the court pointed out the

statutory minimum sentence was a *de facto* life sentence and reiterated that a *de facto* life

sentence for an 18-year-old did not violate the state or federal constitution.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, defendant argues the trial court erred by summarily dismissing his postconviction petition at the first stage where the petition alleged a gist of a constitutional claim that his sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution.

¶ 12        The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2016)) provides a collateral means for a defendant to challenge a conviction or sentence for a violation of a federal or state constitutional right. *People v. Jones*, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004). At the first stage of postconviction proceedings, the trial court must determine, taking the allegations as true, whether the defendant's petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). A postconviction petition may be summarily dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12, 912 N.E.2d 1204, 1209 (2009). At this stage of proceedings, the trial court acts in an administrative capacity and screens out postconviction petitions lacking legal substance or obviously without merit. *People v. Tate*, 2012 IL 112214, ¶ 9, 980 N.E.2d 1100. "To survive dismissal at this initial stage, the postconviction petition 'need only present the gist of a constitutional claim,' which is 'a low threshold' that requires the petition to contain only a limited amount of detail." *People v. Harris*, 366 Ill. App. 3d 1161, 1166-67, 853 N.E.2d 912, 917 (2006) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996)). We review *de novo* the summary dismissal of a postconviction petition. *Id.* at 1167.

¶ 13    Defendant challenges his sentence, arguing that, as applied to his specific circumstances, his 115-year aggregate sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. Defendant argues the evolving science on juvenile maturity and brain development highlighted in *Miller* applies to both juveniles and young adults.

¶ 14    In a progression of cases involving juvenile sentencing, the United States Supreme Court has held the eighth amendment to the United States Constitution prohibits the death sentence for juveniles convicted of murder (*Roper v. Simmons*, 543 U.S. 551, 578-79 (2005)), mandatory life sentences without the possibility of parole for juveniles convicted of nonhomicide offenses (*Graham v. Florida*, 560 U.S. 48, 82 (2010)), and mandatory life sentences without the possibility of parole for juveniles convicted of murder (*Miller*, 567 U.S. at 489). The Supreme Court determined "that children are constitutionally different from adults for purposes of sentencing." *Id.* at 471. The Supreme Court identified three principal differences between juveniles and adults. First, a child's underdeveloped sense of responsibility and lack of maturity led to "recklessness, impulsivity, and heedless risk-taking." *Id.* Second, juveniles are more vulnerable to outside pressure and negative influences. *Id.* Third, a child's character is less fixed and less likely to demonstrate an inability to be rehabilitated. *Id.*

¶ 15    The Illinois Supreme Court has taken this line of cases further. In *People v. Holman*, 2017 IL 120655, ¶ 40, 91 N.E.3d 849, the supreme court held *Miller* applied to discretionary life sentences without parole for juvenile defendants. And in *People v. Buffer*, 2019 IL 122327, ¶ 40, 137 N.E.3d 763, the supreme court held *Miller* also applied to *de facto* life sentences of more than 40 years. Finally, the supreme court has raised the possibility the rationale in *Miller* might apply on a case-by-case basis to young adult offenders who were over

the age of 18 at the time of the offense. *People v. Harris*, 2018 IL 121932, ¶¶ 37, 53, 120 N.E.3d 900.

¶ 16    As noted above, defendant raises an as-applied challenge to his sentence. The distinction between a facial and as-applied constitutional challenge is crucial. "A party raising a facial challenge must establish that the statute is unconstitutional under any possible set of facts, while an as-applied challenge requires a showing that the statute is unconstitutional as it applies to the specific facts and circumstances of the challenging party." *Id.* ¶ 38.

¶ 17    In *Harris*, the Illinois Supreme Court heard a similar argument from an 18-year-old defendant who challenged his 76-year mandatory minimum sentence under the proportionate penalties clause of the Illinois Constitution. *Id.* ¶ 35. The defendant argued the sentencing scheme that resulted in a mandatory aggregate sentence of 76 years' imprisonment was unconstitutional as applied to his circumstances. *Id.* ¶ 36. The defendant argued it shocked the moral sense of the community to impose a mandatory *de facto* life sentence given the facts of his case, including his youth and other mitigating factors. *Id.* In support of his argument, the defendant relied on *Miller* to argue the emerging science showed brain development continued into the early twenties and the reasoning from *Miller* should be extended to his case because he was just 18 years old at the time of the offense. *Id.* ¶ 37.

¶ 18    The supreme court found the defendant's as-applied challenge was premature because the record was not sufficiently developed in terms of the defendant's specific facts and circumstances. *Id.* ¶¶ 39, 46. The supreme court noted *Miller* did not directly apply to the defendant who, at the age of 18, was no longer a juvenile. *Id.* ¶ 45. Accordingly, the court concluded that "[t]he record must be developed sufficiently to address [the] defendant's claim that *Miller* applies to his particular circumstances." *Id.* The court further concluded remand was

unnecessary where the defendant could raise his claim in a collateral challenge. *Id.* ¶ 48. We note that the supreme court, in *Harris*, determined the defendant could raise an as-applied challenge under the proportionate penalties clause of the Illinois Constitution but rejected the defendant's facial challenge under the eighth amendment. *Id.* ¶ 53. The court noted an as-applied challenge under the eighth amendment "would fail for the same reason as his challenge under the Illinois Constitution failed, because no evidentiary hearing was held and no findings of fact were entered on how *Miller* applies to him as a young adult." *Id.*

¶ 19 In *Harris*, the court relied upon its earlier analysis of these issues in *People v. Thompson*, 2015 IL 118151, 43 N.E.3d 984. In *Thompson*, a 19-year-old defendant attempted to raise an as-applied constitutional challenge to his mandatory life sentence for the first time on appeal from the dismissal of a petition for relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). *Thompson*, 2015 IL 118151, ¶ 1. He argued the eighth amendment considerations addressed in *Miller* should apply with " 'equal force' to individuals between the ages of 18 and 21." *Id.* ¶ 21. The defendant relied on the evolving science regarding juvenile maturity and brain development in support of this position. *Id.* ¶ 38. The court held the defendant's as-applied challenge under *Miller* was forfeited because it was not the type of challenge recognized as being exempt from the typical rules of forfeiture. *Id.* ¶ 39. However, in *dicta*, the court noted the defendant's as-applied challenge was actually a facial challenge because he relied exclusively on the evolving science of brain development, and the record contained "nothing about how that science applie[d] to the circumstances of [the] defendant's case, the key showing for an as-applied constitutional challenge." *Id.* ¶ 38.

¶ 20 Following *Harris* and *Thompson*, Illinois courts have confronted as-applied challenges invoking the *Miller* rationale in postconviction proceedings. In *People v. House*,

- 6 -

2019 IL App (1st) 110580-B, ¶¶ 17, 23, 142 N.E.3d 756, the appellate court considered the second-stage dismissal of a 19-year-old defendant's postconviction petition, in which he asserted his mandatory life sentence violated the proportionate penalties clause. After discussing the evolving science regarding brain development and considering our supreme court's decision in *Harris*, the *House* court concluded the line demarcating 18 years of age as adulthood for legal purposes was "somewhat arbitrary." *Id.* ¶¶ 55-56. It held the defendant's mandatory life sentence violated the proportionate penalties clause and shocked the moral sense of the community because of the "defendant's age, his family background, his actions as a lookout as opposed to being the actual shooter, and [his] lack of any prior violent convictions[.]" *Id.* ¶ 64. The court noted the defendant's age and his relative culpability created questions regarding the "propriety of a mandatory natural life sentence for a 19-year-old defendant convicted under a theory of accountability." *Id.* ¶ 46.

¶ 21        Courts have distinguished *House* in cases where the defendant played a more active role in the crime or received a discretionary rather than a mandatory sentence. See, *e.g.*, *People v. Ramsey*, 2019 IL App (3d) 160759, ¶¶ 22-23, 143 N.E.3d 865 (rejecting an 18-year-old defendant's proportionality claim and noting he was the sole actor who committed the offenses); *People v. Handy*, 2019 IL App (1st) 170213, ¶¶ 1, 41 (finding an 18-year-old defendant was not entitled to a new sentencing hearing because he was an active participant in the crimes and received a discretionary sentence).

¶ 22        In *People v. Minniefield*, 2020 IL App (1st) 170541, ¶¶ 1-2, the 19-year-old defendant was convicted of first degree murder and received an aggregate 50-year term of imprisonment. The defendant sought to file a successive postconviction petition. *Id.* ¶ 25. The appellate court found the defendant established both cause and prejudice. *Id.* ¶¶ 31, 44. In

- 7 -

determining the defendant established prejudice, the appellate court observed the defendant could not have raised his as-applied challenge in his initial postconviction proceeding because it predated *Miller* "and our supreme court has found that a ruling without a developed record is 'premature.' " *Id.* ¶ 44. " 'Defendant has shown prejudice by establishing a "catch-22"— without a developed record, he cannot show his constitutional claim has merit, and without a meritful claim, he cannot proceed to develop a record.' " *Id.* (quoting *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶ 109).

¶ 23        As the supreme court suggested in *Harris*, defendant has raised an as-applied constitutional challenge to his sentence in his postconviction petition. The court in *Harris* concluded the as-applied challenge was premature because the record was insufficiently developed to determine how the *Miller* considerations applied to the defendant's particular circumstances. Here, defendant has raised his as-applied constitutional challenge to his sentence in a postconviction petition and seeks reversal for an evidentiary hearing where he will be afforded the opportunity to sufficiently develop the record on this point. Defendant asserts he intends to introduce a report at the second stage and testimony at the third stage from an expert witness. Specifically, defendant asserts a report of Dr. James Garbarino's developmental analysis will demonstrate the *Miller* principles apply to his circumstances.

¶ 24        Based on our review of the case law and defendant's petition, we conclude defendant has met the low bar of stating a gist of a constitutional claim in his postconviction petition. Thus, we find defendant's petition survives first stage analysis and should move to second stage proceedings.

¶ 25        For the foregoing reasons, we conclude the trial court erred by dismissing defendant's postconviction petition at the first stage as the petition met the low bar of stating a

gist of a constitutional claim.  Accordingly, we remand for further postconviction proceedings consistent with the views expressed in this order.

¶ 26                                III. CONCLUSION

¶ 27            For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 28            Reversed and remanded.