NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190135-U

NO. 4-19-0135

IN THE APPELLATE COURT

FILED
January 4, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DIEGO R. CHRISTMON, | ) | No. 15CF881 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the trial court did not err in summarily
dismissing defendant's *pro se* postconviction petition.

¶ 2         In March 2016, a jury convicted defendant, Diego R. Christmon, of attempt (first

degree murder). Subsequently, the trial court sentenced defendant to 40 years' imprisonment.

¶ 3         In January 2019, defendant filed a *pro se* petition for postconviction relief,

alleging the trial court violated his constitutional due process rights because the court failed "to

provide an adequate competency determination." That same month, the court entered a written

order summarily dismissing defendant's postconviction petition as frivolous and patently without

merit.

¶ 4        Defendant appeals, arguing the trial court erred by summarily dismissing his *pro se* postconviction petition. Defendant asserts the petition presented the gist of a constitutional claim where he was denied his constitutional due process rights when the court failed to conduct an independent fitness hearing, relying instead on the parties' stipulation to the findings and conclusions of a fitness report. For the following reasons, we affirm.

¶ 5                                I. BACKGROUND

¶ 6        In June 2015, the State charged defendant with attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2014)), alleging defendant took a substantial step toward the commission of first degree murder in that, without lawful justification and with the intent to kill Lawrence Brown, defendant discharged a firearm that proximately caused great bodily harm to Brown.

¶ 7                             A. Fitness Evaluation

¶ 8        In September 2015, defense counsel filed a motion requesting the trial court appoint a qualified expert to determine "whether and to what extent *** Defendant is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." Counsel's motion did not include a request for a fitness hearing. The court granted the motion and appointed Dr. Albert Lo to examine defendant to determine his fitness to stand trial.

¶ 9        In November 2015, Dr. Lo evaluated defendant and later submitted—to the trial court—a written report detailing his findings. In the written report, Dr. Lo found defendant fit to stand trial. Dr. Lo noted defendant's thought processes were "[g]oal directed and logical" and that defendant could "understand complicated concepts but need[ed] extra time and explanation to process." Dr. Lo stated defendant was able "to work with an attorney and understand the legal

concepts involved in his case" and "[a]ny intellectual impairments he suffers from are not to the extent that they would prevent him from cooperating with his attorney."

¶ 10    In March 2016, defendant's jury trial commenced. During a recess and outside the presence of the jurors, the parties stipulated that "if Dr. Lo were called to testify even at this late date that he would testify as set forth in his report ***." The trial court found defendant fit to stand trial, stating, "based upon the evidence presented the Court finds the defendant is indeed fit to plead and/or stand trial." Following the parties' closing arguments, the jury found defendant guilty of attempt (first degree murder).

¶ 11                    B. Sentence and Direct Appeal

¶ 12    Following a May 2016 sentencing hearing, the trial court imposed a sentence of 40 years' imprisonment. On direct appeal, this court affirmed defendant's conviction and sentence. *People v. Christmon*, 2018 IL App (4th) 160424-U, ¶ 3.

¶ 13                    C. Postconviction Proceedings

¶ 14    On January 4, 2019, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Defendant alleged he received ineffective assistance of counsel due to (1) trial counsel "stipulating to Dr. Lo's report in regards to [defendant's] fitness" and failing to "obtain an independent expert to *** determine if the [defendant] was actually fit to stand trial" and (2) appellate counsel "failing to raise this meritorious claim on direct review." Defendant further alleged the trial court erred when it "decided [defendant's] fitness mid-way through [defendant's] trial" and the "failure of the court *** to provide an adequate competency determination [was] a violation of [defendant's] due process rights to a fair trial."

¶ 15          On January 18, 2019, the trial court entered a written order summarily dismissing defendant's *pro se* postconviction petition as frivolous and patently without merit. The court found "[d]efendant was aware of the legal concepts involved in his case as found by Dr. Lo" and there was "no indication that a subsequent evaluation by a different psychiatrist would have resulted in a different diagnosis."

¶ 16          This appeal followed.

¶ 17                                        II. ANALYSIS

¶ 18          On appeal, defendant argues the trial court erred by summarily dismissing his *pro se* postconviction petition. Defendant asserts the petition presented the gist of a meritorious constitutional claim he was denied his constitutional due process rights because the trial court failed to conduct an independent fitness hearing, relying instead on the parties' stipulation to the findings and conclusions of a fitness report. We disagree.

¶ 19          The Postconviction Act provides a collateral means for a defendant to challenge a conviction or sentence for a violation of a federal or state constitutional right. *People v. Jones*, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004). During first stage postconviction proceedings, the trial court must determine, without input from the State, whether the defendant's petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2018). A postconviction petition may be summarily dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12, 912 N.E.2d 1204, 1209 (2009). "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* at 16. "To survive dismissal at this initial stage, the postconviction petition 'need only present the gist of a constitutional claim,' which is 'a low threshold' that requires the petition to contain only a limited amount of detail."

*People v. Harris*, 366 Ill. App. 3d 1161, 1166-67, 853 N.E.2d 912, 917 (2006) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996)). We review *de novo* the summary dismissal of a postconviction petition. *Id.* at 1167.

¶ 20        Here, defendant argues his petition established the gist of a constitutional claim. Specifically, defendant asserts, "Once the trial judge determined that there was a *bona fide* doubt as to [defendant's] fitness, it had to hold a competency hearing and hold the State to its burden." In response, the State asserts defendant's petition was based on an indisputably meritless legal theory because the trial court was not required to hold a fitness hearing in this case.

¶ 21        "The due process clause prohibits the prosecution of a defendant who is unfit to stand trial." *People v. Westfall*, 2018 IL App (4th) 150997, ¶ 52, 115 N.E.3d 1148. While the law presumes a defendant is fit to stand trial, "[a] defendant is unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10 (West 2014). "A defendant may be competent to participate at trial even though his mind is otherwise unsound." *People v. Eddmonds*, 143 Ill. 2d 501, 519, 578 N.E.2d 952, 960 (1991).

¶ 22        A defendant's fitness to stand trial may be raised by the trial court, the defense, or the State at any time before, during, or after trial. 725 ILCS 5/104-11(a) (West 2014). "When a *bona fide* doubt of the defendant's fitness is raised, the court shall order a determination of the issue before proceeding further." *Id.* "A *bona fide* doubt exists when the facts raise a real, substantial, and legitimate doubt regarding a defendant's mental capacity to meaningfully participate in his defense." *Westfall*, 2018 IL App (4th) 150997, ¶ 54. "Relevant factors that the trial court may consider in assessing whether a *bona fide* doubt exists include (1) the defendant's behavior and demeanor, (2) prior medical opinions regarding the defendant's competence, and

(3) defense counsel's representations about the defendant's competence." *Id.* However, no fitness hearing is required if the court does not find that a *bona fide* doubt exists as to a defendant's fitness. *People v. Hanson*, 212 Ill. 2d 212, 217-18, 817 N.E.2d 472, 475 (2004).

¶ 23 At the defendant's request, the trial court can order that a qualified expert examine the defendant to determine if a *bona fide* doubt as to the defendant's fitness exists. 725 ILCS 5/104-11(b) (West 2014). "In other words, an examination under section 104-11(b) is intended to aid the court in deciding, pursuant to section 104-11(a), whether a *bona fide* doubt *can be* raised and thus whether a fitness hearing is necessary." (Emphasis in original.) *People v. Scott*, 2020 IL App (2d) 180378, ¶ 16. "The mere act of granting a defendant's motion for a fitness examination cannot, by itself, be construed as a definitive showing that the trial court found a *bona fide* doubt of the defendant's fitness." *Hanson*, 212 Ill. 2d at 222.

¶ 24 Here, defendant's claim is affirmatively rebutted by the record. Defense counsel's motion, filed September 2015, requested the trial court appoint a qualified expert to *determine* "whether and to what extent *** Defendant is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." The court made no finding of a *bona fide* doubt regarding defendant's fitness before granting defense counsel's motion, and the court made no reference that it had a *bona fide* doubt about defendant's fitness in its January 2019 written order for examination. The record reveals the court never had a *bona fide* doubt regarding defendant's fitness to stand trial. Accordingly, a fitness hearing was not necessary (see *Hanson*, 212 Ill. 2d at 217-18), "and the court committed no error by agreeing to the parties' stipulation regarding the report's conclusions." *People v. Schnoor*, 2019 IL App (4th) 170571, ¶ 49, 145 N.E.3d 544. Thus, the court properly dismissed defendant's *pro se* postconviction petition as frivolous and patently without merit.

¶ 25 Because we have determined defendant's *pro se* postconviction petition failed to state the gist of an arguably meritorious constitutional claim, it follows defendant's alternative claim that "appellate counsel was arguably ineffective for not challenging, on appeal, the trial court's failure to conduct a fitness hearing" must fail. Because defendant's underlying claim lacks merit, appellate counsel cannot be ineffective for failing to raise the issue on direct appeal. See *People v. Rogers*, 197 Ill. 2d 216, 223, 756 N.E.2d 831, 835 (2001).

¶ 26                                    III. CONCLUSION

¶ 27 For the reasons stated, we affirm the trial court's judgment.

¶ 28 Affirmed.