NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200184-U

NO. 4-20-0184

IN THE APPELLATE COURT

FILED
November 16, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DIEGO CHRISTMON, | ) | No. 15CF881 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel is granted, and the trial court's dismissal of
defendant's petition for relief from judgment is affirmed.

¶ 2    Defendant, Diego Christmon, appeals the trial court's dismissal of his *pro se*

petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure

(Code) (735 ILCS 5/2-1401 (West 2018)). On appeal, the Office of the State Appellate Defender

(OSAD) was appointed to represent him. OSAD has filed a motion to withdraw as appellate

counsel alleging an appeal would be frivolous. Defendant has not filed a response to OSAD's

motion. For the following reasons, we grant OSAD's motion and affirm the trial court's

judgment.

¶ 3                                    I. BACKGROUND

¶ 4		In June 2015, the State charged defendant with attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2014)), alleging defendant took a substantial step toward the commission of first degree murder in that without lawful justification and with the intent to kill Lawrence Brown, defendant discharged a firearm that proximately caused great bodily harm to Brown.

¶ 5		In March 2016, a jury found defendant guilty of attempt (first degree murder). In May 2016, the trial court sentenced defendant to 40 years' imprisonment, which included a 25-year firearm enhancement. On May 6, 2016, defendant filed a notice of direct appeal. On direct appeal, defendant argued his 40-year sentence was excessive. In August 2018, this court affirmed defendant's conviction. *People v. Christmon*, 2018 IL App (4th) 160424-U, ¶ 3.

¶ 6		In January 2019, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). The petition asserted, in part, that the trial court violated defendant's constitutional due process rights because the court failed "to provide an adequate competency determination." The trial court dismissed defendant's postconviction petition at the first stage, finding it was frivolous and patently without merit. Defendant appealed the dismissal, and this court subsequently affirmed the trial court's judgment. *People v. Christmon*, 2021 IL App (4th) 190135-U, ¶ 4.

¶ 7		On January 2, 2020, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)). Defendant argued the State charged him under a version of the attempt (first degree murder) statute that did not contain any sentencing enhancements and asserted "[t]he firearm enhancement *** was not charged in [defendant's] information." Defendant further asserted that a "bifurcated trial was not held after the jury found [him] guilty of attempt first degree murder which must be done when a guilty

verdict is rendered [under] Illinois Supreme Court Rule 451(g)(1) [(eff. Apr. 8, 2013)]." Defendant alleged his conviction was void and should be vacated.

¶ 8    On March 4, 2020, the trial court dismissed defendant's petition for relief from judgment. The court noted the jury "was given instructions on Attempt First Degree Murder," and "was also given separate verdict forms on the firearm enhancement issue." The court concluded "[t]he facts alleged in the Defendant's Petition cannot state a legal basis for relief. Therefore, the Defendant's Petition is dismissed."

¶ 9    This appeal followed. OSAD, appointed counsel for defendant on appeal, filed a motion for leave to withdraw as defendant's counsel and attached a supporting memorandum of law, citing *People v. Kuehner*, 2015 IL 117695, 32 N.E.3d 655, and *People v. Meeks*, 2016 IL App (2d) 140509, 51 N.E.3d 1109. This court granted defendant leave to file additional points and authorities on or before June 9, 2021. None have been filed.

¶ 10                                II. ANALYSIS

¶ 11   OSAD seeks to withdraw as counsel on appeal, asserting it can make no meritorious argument that (1) the trial court committed a procedural error in dismissing defendant's section 2-1401 petition and (2) defendant's 40-year sentence is void.

¶ 12   As an initial matter, OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, 145 N.E.3d 722, where the appellate court granted OSAD's motion to withdraw as counsel and affirmed the dismissal of the defendant's section 2-1401 petition. OSAD contends two members of the appellate court panel, in *dicta*, opined OSAD should have sought to withdraw on the basis the trial court had no authority to appoint OSAD to an appeal from a civil proceeding under section 2-1401. *Id.* ¶ 5. In this case, OSAD specifically states it does not move to withdraw on

the basis the trial court lacked authority to appoint OSAD to this appeal. Accordingly, we decline to address this basis for withdrawal.

¶ 13    Section 2-1401 is a civil remedy that may be used to obtain relief in criminal cases. *People v. De Leon*, 387 Ill. App. 3d 1035, 1038, 901 N.E.2d 997, 1001 (2009). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). "[W]hen a court enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, that order will be reviewed, on appeal, *de novo*." *Id.* at 18.

¶ 14    OSAD contends no reasonable argument can be made to suggest the trial court committed a procedural error in dismissing defendant's section 2-1401 petition. A section 2-1401 petition is ripe for adjudication after the opposing party has had 30 days to answer. *People v. Carter*, 2015 IL 117709, ¶ 16, 43 N.E.3d 972; *People v. Laugharn*, 233 Ill. 2d 318, 322, 909 N.E.2d 802, 804-05 (2009). Defendant filed his section 2-1401 petition on January 2, 2020, and the trial court dismissed the petition on March 4, 2020, well beyond the 30-day period. The petition was ripe for adjudication. Thus, we agree with OSAD and find no reasonable argument can be made to suggest the trial court committed a procedural error in dismissing defendant's section 2-1401 petition.

¶ 15    OSAD additionally asserts no meritorious argument could be made that defendant's sentence was void "such that it can be challenged and remedied in an untimely petition for relief from judgment."

¶ 16        A section 2-1401 petition must be filed not later than two years after the entry of the judgment. *Vincent*, 226 Ill. 2d at 7. "The statute further provides for an exception to the time limitation for legal disability and duress or if the ground for relief is fraudulently concealed." *Id.*

¶ 17        Here, defendant filed his section 2-1401 petition four years after he was sentenced to 40 years' imprisonment in May 2016. Defendant makes no assertion he was under legal disability or duress or that the grounds for relief were fraudulently concealed. Rather, defendant asserts his judgment was void.

¶ 18        "[A] voidness challenge to a final judgment under section 2-1401 that is exempt from the ordinary procedural bars is available only for specific types of claims." *People v. Thompson*, 2015 IL 118151, ¶ 31, 43 N.E.3d 984. First, a judgment is void where the court that entered the judgment lacked personal or subject matter jurisdiction. *Id.* "A second type of voidness challenge that is exempt from forfeiture and may be raised at any time involves a challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio*." *Id.* ¶ 32.

¶ 19        In this case, no exception applies to defendant's section 2-1401 petition. Here, the trial court had subject matter jurisdiction over his criminal case (see *People v. Hughes*, 2012 IL 112817, ¶ 20, 983 N.E.2d 439) and it acquired personal jurisdiction when defendant appeared before the court (see *People v. Baum*, 2012 IL App (4th) 120285, ¶ 13, 979 N.E.2d 120). Defendant did not raise a claim based on a facial challenge to the constitutionality of a statute, nor did he assert any facts to excuse the late filing of his petition. Accordingly, we agree with OSAD and find that any argument defendant's sentence was void would be without merit.

¶ 20                        III. CONCLUSION

¶ 21 For the reasons stated, we grant OSAD's motion for leave to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 22 Affirmed.