NOTICE
Decision filed 10/28/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240044-U

NO. 5-24-0044

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 15-CF-881 |
| | ) | |
| DIEGO R. CHRISTMON, | ) | Honorable |
| | ) | Matthew D. Lee, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court properly denied defendant's motion to reconsider the dismissal of his section 2-1401 petition where the motion to reconsider was filed more than 30 days after the dismissal. Moreover, the petition lacked substantive merit and the motion to reconsider merely restated the arguments in the original petition. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Diego R. Christmon, appeals the circuit court's order denying a motion to reconsider the dismissal of his section 2-1401 petition (735 ILCS 5/2-1401 (West 2022)). His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes there is no reasonably meritorious argument in support of reversal. Accordingly, it has filed a motion for leave to withdraw as counsel on appeal and supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion. This court has provided

1

him an opportunity to respond to the motion and he has filed a brief response. However, after considering the record on appeal, OSAD's motion and supporting memorandum, and defendant's response, we agree that there is no good-faith issue to support an appeal. Accordingly, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 3                                          BACKGROUND

¶ 4       On June 18, 2016, defendant was charged with attempted first degree murder. At his arraignment, the trial court asked the prosecutor to demonstrate probable cause. Following the prosecutor's recitation, the court noted that the case would eventually be assigned to courtroom B and set bond. Defendant stated that he wanted to hire a private attorney, so the court continued the matter for one week.

¶ 5       At the next hearing, on June 25, defendant appeared with private counsel. He waived a preliminary hearing and pleaded not guilty.

¶ 6       The matter proceeded to a jury trial, but we need not recount the evidence at trial. The jury found defendant guilty, and the court sentenced him to 40 years' imprisonment, which included a 25-year enhancement for personally discharging a firearm. On direct appeal, the Fourth District affirmed, rejecting defendant's contention that his sentence was excessive. *People v. Christmon*, 2018 IL App (4th) 160424-U, ¶ 44.

¶ 7       Defendant filed a postconviction petition. The trial court dismissed it, and the Fourth District affirmed. *People v. Christmon*, 2021 IL App (4th) 190135-U, ¶ 27. Defendant then filed a petition pursuant to section 2-1401(f) raising various issues regarding the firearm enhancement, contending that they rendered his conviction void. The trial court *sua sponte* dismissed the petition and the Fourth District affirmed. *People v. Christmon*, 2021 IL App (4th) 200184-U, ¶ 21. Defendant then sought leave to file a successive postconviction petition. The trial court denied

leave to file. Defendant appealed. That appeal was docketed as No. 5-22-0176, and it remains pending.[1]

¶ 8    In 2023, defendant filed the petition at issue in this appeal. In it, he contended that the trial court never acquired jurisdiction because the court did not hold a probable cause hearing within 48 hours, and he did not enter a plea at his first court appearance. He further contended that section 109-1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-1 (West 2016)), which, *inter alia*, required that an arrestee be brought before a judge within 48 hours, was unconstitutional for failing to provide a remedy.

¶ 9    Defendant filed a summary judgment motion, and the State filed a motion to dismiss. On August 8, 2023, the court granted the latter motion, finding that the court acquired jurisdiction when defendant was brought before it, that the record refuted defendant's allegation that no probable cause hearing occurred, and that the remedy for a violation of section 109-1 was that the defendant would be released.

¶ 10    On October 23, 2023, defendant filed a motion to reconsider the dismissal, contending that he was not notified of the order until October 13. The court denied the motion on December 14, 2023, finding that it merely restated the arguments made in the original petition. On January 5, 2024, defendant filed a notice of appeal.

¶ 11                                    ANALYSIS

¶ 12    OSAD concludes that it can make no good-faith argument for reversal of the dismissal order because defendant's motion to reconsider was filed too late.

¶ 13    Section 2-1401 petitions are "intended to correct errors of fact, unknown to the petitioner and the court at the time of the judgment, which would have prevented the rendition of the

---

[1]This appeal has been fully briefed and is currently under advisement.

3

judgment had they been known." *People v. Muniz*, 386 Ill. App. 3d 890, 893 (2008). Although section 2-1401 relief is available to criminal defendants, it is a civil remedy, to which the usual civil practice rules apply. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007).

¶ 14     A trial court loses jurisdiction 30 days after the entry of a final order unless within that time a party takes action to extend the time, such as by filing a motion to reconsider that order. *Leavell v. Department of Natural Resources*, 397 Ill. App. 3d 937, 950 (2010). In the same vein, a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). An untimely posttrial motion does not extend the time to appeal. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984).

¶ 15     Here, the circuit court's order dismissing defendant's petition was filed on August 8, 2023. Defendant did not file his motion to reconsider until October 23, 2023. He did not file his notice of appeal until January 5, 2024. Defendant's untimely motion to reconsider did not extend the time to appeal.

¶ 16     In his response, defendant argues, as he did in the trial court, that he did not receive notice of the dismissal order until October 13. However, in a civil case, the time for filing a notice of appeal is not tolled because the parties failed to receive notice of the order in question. *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122, 127 (1990). Thus, defendant had to file either a posttrial motion or a notice of appeal within 30 days of August 8, 2023. As he did not do so, the trial court lacked jurisdiction of the motion to reconsider. We affirm the denial of the motion on that basis. See *People v. Bailey*, 2014 IL 115459, ¶ 29 (where

4

circuit court lacks jurisdiction of a motion, appellate court has jurisdiction to the extent of reviewing the circuit court's lack of jurisdiction).

¶ 17 OSAD further concludes that, even if we could excuse defendant's late notice of appeal, the trial court properly dismissed defendant's petition. Defendant first contended that the trial court lost jurisdiction because it did not conduct a preliminary hearing within 48 hours after his arrest. As the trial court noted, the record contradicts this allegation. The court did immediately request a probable cause showing from the State. Although the court did not expressly state that it found probable cause, it proceeded to set bond and schedule a future court date. Thus, the court was evidently satisfied that the State had probable cause to proceed. Defendant does not contend that the State's probable cause showing was inadequate. Defendant subsequently waived a more formal preliminary hearing.

¶ 18 Even if the court erred in how it conducted the probable cause hearing, however, it was not deprived of jurisdiction. The circuit court's general subject matter jurisdiction is granted by the Illinois Constitution and failure to satisfy a statutory requirement or prerequisite does not deprive the court of jurisdiction to hear and rule upon a cause of action. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 340-41 (2002) (citing Ill. Const. 1970, art. VI, § 9). "Once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired." *People v. Davis*, 156 Ill. 2d 149, 156 (1993). Thus, any legal error did not deprive the court of jurisdiction.

¶ 19 Defendant further contended that the court never acquired jurisdiction over him because he did not enter a plea at the first hearing. OSAD cites *People v. Speed*, 318 Ill. App. 3d 910, 915 (2001), for the proposition that a criminal defendant confers personal jurisdiction on the trial court when he appears personally before it. Other courts have stated the rule as a defendant confers

5

personal jurisdiction upon the trial court when he appears and joins the issues with a plea. *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (citing *Speed*, 318 Ill. App. 3d at 915).

¶ 20 Any distinction is of no importance here. Defendant arguably submitted to the court's jurisdiction at the first hearing on June 18, 2016, when he appeared and requested additional time to hire a private attorney. In any event, he submitted to the court's jurisdiction no later than June 25 when he pleaded not guilty.

¶ 21 Defendant also contended that section 109-1 was unconstitutional for failing to prescribe a remedy for a violation. The court held that Illinois law does provide a remedy for a violation in that a defendant held without probable cause would be released. In any event, the issue is moot as the court did hold a probable cause hearing. Defendant did not timely question the existence of probable cause. See *People v. Funches*, 212 Ill. 2d 334, 346 (2004) ("A party has standing to challenge the constitutionality of a statute only insofar as it adversely impacts his or her own rights.").

¶ 22                                      CONCLUSION

¶ 23 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 24 Motion granted; judgment affirmed.